## SHOWALTER v RYLES.

No. 790, Ind. T.   Opinion Filed September 25, 1908.

(97 Pac. 569.)

1.   **LANDLORD AND TENANT—Forcible Entry. and Detainer—Tenants Holding Over.** Under the laws of Arkansas, in force in the Indian Territory, unlawful detainer was a remedy provided by statute for the benefit of landlords against tenants who held over.

2.   **SAME—Action by Vendee of Leased Premises.** The purchaser of leased premises succeeded to the vendor's right, and could maintain the action of unlawful detainer against the tenant holding over after the expiration of his term.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by H. P. Showalter against Granville Ryles. Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

*S. B. Dawes,* for appellant.
*Martin & Gidney,* for appellee.

KANE, J.   This was an action in forcible entry and detainer. The court below sustained a general demurrer to the complaint, so the only question before this court is:   Did the complaint state facts sufficient to constitute a cause of action?

The complaint, omitting some of the formal parts, is in words and figures as follows:

"For cause of action against said defendant, plaintiff alleges: That defendant on — day of January, 1903, rented from Abednego Marshall for agricultural purposes for the year of 1903 the land described as follows:  Being the southeast quarter of the southwest quarter and lots 9. 10, 11, and 12, all in section nineteen (19), township sixteen (16) north, range nineteen (19) east, in the Creek Nation, Indian Territory.  And that by the terms of said contract defendant obligated and pledged himself to pay to said Abednego Marshall for the use and occupancy of said lands during and for the year of 1903 the sum of ——— dollars, and to surrender to said Abednego Marshall, his heirs, successors, or assigns, peaceable possession of said lands and premises at the expiration of said year 1903.

"That on the 23d day of February, 1903, plaintiff herein purchased of said Abednego Marshall the said rental contract theretofore made by him for the year 1903 with the defendant herein, which said rental contract said Abednego Marshall then and there made over, transferred, conveyed, and assigned to this plaintiff, and by reason of the purchase of said rental contract and the transfer and making over and assignment of the same to him, this plaintiff succeeded to all the rights therein heretofore possessed and exercised by said Abednego Marshall, including the right to control the occupancy and use of said land and premises by said defendant for the year 1903, so as to see that same were held, occupied, and used by him in accordance with the terms of said contract as aforesaid, and to collect of said defendant the rental therefor under said contract for said year 1903, and to receive a surrender of possession thereof at the end of said year.  That on said 23d day of February, 1903, plaintiff for a valuable consideration obtained a lease of said land from Abednego Marshall for agricultural purposes, said lease to become operative on December 1, 1903, and to run for a period of four years thereafter.

"That thereafter plaintiff advised and informed the defendant herein that he had purchased from said Marshall the rental contract entered into by said Marshall and defendant in January, 1903, for the use and occupancy of said lands for 1903 and had obtained of said Marshall transfer, conveyance, and assignment to him, plaintiff, of said rental contract, and that plaintiff succeeded to all the rights that said Marshall might have had and exercised over defendant under said contract, and that by virtue of the purchase by plaintiff and the transfer, conveyance, and assignment

to him of said contract, defendant occupied and used said lands for the year 1903 under the direction of plaintiff and became liable to him for rental thereto. The defendant then and there agreed with plaintiff to hold, use, and occupy said lands for the year 1903 under him (plaintiff), to pay him the rental due thereon, as provided in the contract theretofore made between said defendant and said Marshall. Plaintiff at said time informed said defendant that he had leased for agricultural purposes for a period of four (4) years from December 1, 1903, the land then occupied by defendant, being same lands the possession of which is the subject-matter of this suit. That the term for which said lands were let to said defendant expired the 31st day of December, 1903, and that plaintiff then and there became entitled to immediate possession of same.

"That thereafter, to wit, on the 26th day of April, 1904, plaintiff purchased of said Abednego Marshall the southeast quarter of the southwest quarter and the southwest quarter of the southwest quarter of section nineteen (19), in township sixteen (16) north, and range nineteen (19) east, and obtained a warranty deed therefor, and is now the owner of same. That his said deed was duly recorded on the 26th day of April, 1904, in the office of the clerk of the United States at Wagoner, in the Western district of the Indian Territory; said lands being situated in that recording district. That lawful demand in writing has been made on defendant for possession of said lands and premises, but that he refuses to surrender possession thereof and unlawfully withholds same from plaintiff. Plaintiff further says that the value of the use of said lands and premises described herein and occupied by defendant is the sum of three hundred ($300.00) dollars by reason of the wrongful detention of said lands and premises by defendant, Granville Ryles.

"Wherefore plaintiff prays judgment against said Granville Ryles for possession of said lands and premises, and against said defendant and the sureties on his retainer bond filed herein, for said sum of six hundred ($600.00) dollars damage, and for all cost herein expended."

We believe the foregoing complaint states a good cause of action. The case of *Johnson et al. v. West et al.*, 41 Ark. 535, seems to be decisive of the question involved. In *Johnson et al. v.*

*West et al., supra,* Mr. Justice Smith, who wrote the opinion of the court, says:

"Unlawful detainer is a remedy provided by statute for the benefit of landlords against tenants ·who hold over after the expiration of their terms. It is founded on the breach of a contract, implied by law, if not expressed, that the tenant shall restore a permissive possession to the hands from which it was received. And the estoppel of the tenant to deny his landlord's title inures, both as to his benefit and burden, to privies in law, blood, and estate. Hence the tenant can no more resist the title of the lessor when asserted by or in the hands of ·an assignee than when it was held by the lessor himself."

In *Ish v. Morgan, McRae & Co.*, 48 Ark. 413, 3 S. W. 440, the court used this language:

"The appellees by their purchase succeeded to Hampton's [the vendor] rights, according to the repeated decisions of this court, and could maintain the action of unlawful detainer against his tenant holding over ·after the expiration of his term."

The complaint in the case at bar not only alleges a purchase of the lease under which the appellee went into possession hv the appellant, but also the purchase of the land itself.

There is some contention on the part of counsel for appellee that that part of the complaint which attempts to set up the purchase of the land by the appellant does not describe the land involved accurately. We believe the complaint is full enough on this point to clearly show that the land purchased was the same land formerly leased to the appellee and which is accurately described in another part of the complaint.

The judgment of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion.

All the Justices concur.