SHAW v. SOUTHLAND LIFE INS. CO.*
(No. 968.)

(Court of Civil Appeals of Texas. Amarillo. April 19, 1916. Rehearing Denied May 10, 1916.)

1. APPEAL AND ERROR ☞664(1)—RECORD—CONFLICT—JUDGMENT—RECITALS.

On error to review a judgment by default against a surety, where the judgment recites that the surety filed no answer, but the transcript contains an answer marked as having been filed before rendition of judgment, the recital in the judgment is conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2856; Dec. Dig. ☞664(1).]

2. PRINCIPAL AND SURETY ☞73—CONSTRUCTION OF BOND — AMOUNT OF LIABILITY — "FURTHER."

Where by their bond the sureties of a life insurance company's agent "acknowledged themselves indebted * * * in the sum of $1,000," while there was a stipulation whereby the principal and sureties "further obligate themselves to pay any and all attorney's fees, charges," etc., rendered necessary by suit, such bond bound a surety to the extent of $1,000 and for reasonable attorney's fees, if suit was necessary to enforce collection; "further," as used in the bond, meaning "additional."

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 114, 115, 455; Dec. Dig. ☞73.

For other definitions, see Words and Phrases, First and Second Series, Further.]

3. ACTION ☞50(5)—PRINCIPAL AND SURETY ☞152—MISJOINDER OF PARTIES AND CAUSES OF ACTION.

There was no misjoinder of parties or of causes of action, where a life insurance company sued together its agent and the sureties on his bond securing his indebtedness to the company.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 533; Dec. Dig. ☞50(5); Principal and Surety, Cent. Dig. §§ 416, 417; Dec. Dig. ☞152; Parties, Cent. Dig. § 34.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Suit by the Southland Life Insurance Company against B. A. Lamar, N. A. Shaw, and another. To review judgment by default against B. A. Lamar for the amount sued for, and against N. A. Shaw for the sum of $1,000 and $100 attorney's fees, N. A. Shaw brings error. Judgment affirmed.

Chas. S. Todd, of Texarkana, for plaintiff in error. Seay & Seay, of Dallas, for defendant in error.

HALL, J. Defendant in error, Southland Life Insurance Company, filed this suit against B. A. Lamar, J. D. Sanderson, and plaintiff in error, N. A. Shaw. Lamar was sued upon his promissory note for $3,559.40; and Sanderson and Shaw were sued as Lamar's bondsmen on said indebtedness. It is alleged that Lamar, as principal, and Sanderson and Shaw, as sureties, executed a bond, containing, among others, the following stipulation:

"Know all men by these presents that Col. B. A. Lamar, of Texarkana, Ark., as principal, and —— and ——, as sureties, acknowledge themselves indebted unto the Southland Life In-surance Company, of Texas, in the sum of $1,-000, for the payment of which sum to said company, or its successors and assigns, they hereby jointly and severally bind themselves, their heirs, executors, and administrators."

The condition of the bond, briefly stated, is that whereas, Lamar has been appointed the agent of the insurance company; and whereas, he may appoint subagents, and it is contemplated that Lamar, as principal, may become indebted to the company if Lamar shall well and faithfully perform the duties and obligations resting upon him as said agent, and promptly pay over all funds coming into his possession, as such agent, etc., the obligation shall be void; otherwise, valid. This condition is followed by the following stipulation:

"And said principal and sureties further obligate themselves to pay any and all attorney's fees, charges, or expenses which the said Southland Life Insurance Company may incur, by reason of being compelled to sue on this bond, or place a claim under the same in the hands of an attorney for collection, and agree that, in case they shall be sued on said bond, said suit may be instituted and maintained in any court in Dallas county, Texas, having jurisdiction of the amount sued for."

It is provided in the bond that indebtedness due from Lamar to the company may be evidenced by note, and defendant in error alleges that the note sued upon was secured by the bond. The prayer is for general relief and that plaintiff be allowed reasonable attorney's fees for suing upon the bond. No action was taken at the appearance term of the court, which was the April, 1914, term; but at the following term, after hearing the evidence, the court rendered a judgment against B. A. Lamar for the amount sued for, dismissed the action as to J. D. Sanders, who had not been served, and rendered judgment against plaintiff in error, Shaw, for the sum of $1,000, the amount of the bond, and $100 as attorney's fees, providing in the judgment that execution should not be levied upon Shaw's property unless the amount thereof could not be collected from Lamar.

[1] The first assignment of error is that the court erred in rendering judgment by default in favor of the plaintiff against the defendant Shaw; that a judgment by default was unwarranted and unauthorized, because defendant had, prior to the rendition of the judgment, to wit, on the 6th day of April, 1914, filed in said cause his answer in writing, duly verified, as required by law, as appears from the record herein, and that it does not appear that said answer was ever stricken or withdrawn. The recitation in the judgment on this point is that:

"N. A. Shaw, although duly cited, having failed to appear and answer in this behalf, but wholly made default."

We find in the transcript an answer marked "Filed April 6, 1914," but the record further shows that when the case was called no one was present representing Shaw, nor is it

shown that the answer was called to the attention of the court. This assignment presents a conflict in the record; the judgment reciting that no answer was filed, and the transcript showing the contrary to be the fact. We considered this question in the case of Sanger v. First National Bank, 170 S. W. 1087, and held that, where a conflict occurs in the record between the judgment and the file mark on a pleading copied into the record, the recital in the judgment is conclusive. The judgment in that case recited that the Amarillo Improvement Company had filed no answer, and the transcript, as in this case, showed an answer on file at the time of the entry of the judgment. We said in that case that we must presume that the answer had been withdrawn at the time the judgment was entered, and that if the recital in the judgment was not true it was the duty of appellant to have it corrected in the trial court. No motion for new trial was filed below. No effort has been made in the instant case, by an original proceeding in the trial court, to have the recital that Shaw had failed to appear and answer corrected, but the appeal is from the judgment containing such recital. The Supreme Court has refused a writ of error in the Sanger-First National Bank Case, and recently overruled a motion for rehearing, without opinion, which settles the law upon that question.

[2, 3] The second contention is that the court erred in rendering judgment against Shaw for the sum of $1,100, because the judgment was in excess of the amount of the penalty of the bond upon which the suit was filed, and plaintiff in error insists that the sum of $1,000 was and is the maximum limit of the liability of the said Shaw. In support of this proposition, amongst other authorities, we are referred to the case of Hill Mercantile Co. v. Rotan Grocery Co., 127 S. W. 1080. The guaranty in that case was expressly limited to a certain sum by this language, "Not to exceed the sum of $7,000," and contains the further stipulation:

"I, we, or either of us agree to pay the rate of interest said parties agree upon, and 10 per cent. attorney's fees if said debt is sued upon or placed in an attorney's hands for collection."

Judge Key held that under the rule, requiring the contracts of guarantors to be strictly construed and all reasonable doubts resolved in their favor, and because it was distinctly stated in the first paragraph of the contract that the indebtedness should not exceed $7,000, the liability of the guarantor, including the attorney's fees, and interest, could not be extended beyond the principal sum of $7,000. The case is not an authority here, because of the stipulation whereby the principal and sureties "further obligate themselves to pay any and all attorney's fees, charges," etc. The word "further," as used in the bond, means additional. Galpin v. City of Chicago, 269 Ill. 27, 109 N. E. 713. We must construe the bond as a whole. Considered in this way, plaintiff in error bound himself to the extent of $1,000, and if the liability exceeded that amount, and suit should become necessary to enforce its collection, he promised to pay the additional sum of reasonable attorney's fees. There is no uncertainty as to the terms of his obligation, and the rule announced by Judge Key in the Hill Mercantile Co. Case does not apply. The stipulation is as clear in the bond in question as is ordinarily found in promissory notes.

[4] The remaining proposition, that there is a misjoinder of parties and causes of action, is without merit.

The judgment is affirmed.