## CLARK et al. v. KEITH.

No. 10248—Opinion Filed May 16, 1922.

(Syllabus.)

**1. Forcible Entry and Detainer—Right of Action.**

The right to maintain an action for the unlawful detention of real property is not determined by the plaintiff's right of possession, but by whether he has been in possession and such possession has been taken from him by force, or having been obtained from him peaceably, is unlawfully withheld.

**2. Landlord and Tenant—Attornment to Other Than Landlord—Effect.**

A tenant in possession of real estate has no legal power or right to attorn to or recognize as his landlord any person other than the party from whom he has rented the land; and, when such attornment is attempted, same is void and conveys no legal rights whatever.

**3. Forcible Entry and Detainer—Right to Possession—Evidence of Title.**

Evidence of title to real estate can be introduced in an action of forcible entry and detainer, only as an incident tending to show the right to possession.

**4. Same—Extent of Jurisdiction of Justice of the Peace.**

A justice of the peace has jurisdiction in an action against tenants holding over, in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the rendition of the judgment or the decree by virtue of which such sale was made; also in sales by executors, administrators, guardians, and on partition, and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession.

Error from County Court, Seminole County; D. G. Hart, Judge.

Action in forcible detainer by C. D. Keith against John Clark and Mason Crump. Verdict of guilty as against the defendants. Judgment for restitution of the premises. Defendants appeal. Reversed.

J. Read Moore and Willmott & Roberts, for plaintiffs in error.

Davis & Patterson, for defendant in error.

PITCHFORD, V. C. J. The above named defendant in error, who will hereafter be referred to as plaintiff, filed an action in the justice court of Jesse L. Day, justice of the peace of the town of Wewoka, Okla. against the above named plaintiffs in error, who will hereafter be referred to as defendants, claiming to be the owner of and entitled to the immediate possession of the northwest quarter of the southwest quarter of section 12, township 8 north, range 7 east and alleging that the defendants were in possession and holding said land unlawfully, and asking for possession of the same; and further, that the defendants went into the possession of said land, prior to the first day of January, 1917, as the tenants of the plaintiff's grantors; that they were such tenants for the year of 1917; that the plaintiff purchased the land from the defendants' landlord's, and that the defendants were holding over on said land without right and were unlawfully and forcibly withholding the possession of said land from this plaintiff.

Judgment was rendered by the justice of the peace against the defendants and in favor of plaintiffs, from which the defendants appealed to the county court. Upon trial in the county court, defendants filed a motion for judgment on the pleadings and

statement of counsel, on the grounds that the court was without jurisdiction to try the cause and no cause of action was stated against the defendants. This motion was overruled. Upon conclusion of the evidence, judgment was rendered in favor of the plaintiff, from which the defendants appeal.

The land in controversy was part of the allotment of Dinah Ishmael, a Seminole freedwoman. Plaintiff introduced a deed from the allottee to R. L. Thurmond and Sam Pack, dated July 3, 1905; deed from Sam Pack to R. L. Thurmond, dated July 17, 1906, deed of R. L. Thurmond to W. S. Baker and P. M. Baker, dated May 8, 1907, conveying two-thirds interest in the land; deed of R. L. Thurmond to J. H. Davidson, dated May 20, 1907, conveying one-third of said land; deed of W. S. Baker and P. M. Baker and J. H. Davidson to C. D. Keith, dated November 8, 1917. All of the foregoing deeds were duly recorded.

The plaintiff testified that he was the owner of the land; that on the first of January, 1918, the defendants were in possession of the same; that he did not give them permission to remain on the land; that he did not rent it to them for 1918. J. O. Davis, introduced by the plaintiff, testified that he, as agent for Pike Baker, rented the land to John Clark for the year 1917, and that Clark agreed to vacate the land the first of January, 1918; that the rents were to be paid to Davis, as agent of Pike Baker. B. F. Davis, in behalf of the plaintiff, testified that he was a licensed attorney at Wewoka; that John Clark and J. O. Davis came to his office about November 1, 1917, and had a conversation about renting the land in dispute; that at that time the witness was examining the title for the plaintiff, at which time Clark stated that he had rented from J. O. Davis, as Pike Baker's agent, but that he was not going to make any claim for the land for 1918, and that he would turn possession over in 1918. The defendant Clark testified that he had been in possession of the land for the past four years as tenant of Dinah Ishmael; that he had rented the same from one Mat Henderson four years before for one year, after which he rented from August Bruner, as agent of Dinah Ishmael, for three years; that he paid Bruner the rents for that period and to no one else; that he never agreed to pay anyone else any of the rents; and positively denied ever having rented the land from J. O. Davis, denied that he had any talk with B. F. Davis in his office, and denied that he ever told B. F. Davis he would give possession to Keith. August Bruner testified that he had been in the continuous possession of the land as agent for Dinah Ishmael since 1912; that he first leased to Mat Henderson under a written contract for two years; that Henderson paid him the rent, and he in turn paid the same to Dinah Ishmael; that he next rented to the defendant John Clark; that the witness and Dinah made the contract with Clark under a written contract; that thereafter Clark continued on the land under a verbal contract with witness for 1917, paid rent to the witness, who paid the same to Dinah Ishmael; that he made a verbal contract with Clark in August, 1917, to rent the land for 1918 for one-third and one-fourth rent; that Clark had previously paid cash; that prior to 1912 Bob Davis had charge of the land for Dinah Ishmael; that Dinah had lived with the witness for 20 years.

The controlling question presented by this appeal is, "Whether or not the justice of the peace had jurisdiction to try the cause?" If the justice of the peace was without jurisdiction, then the county court could acquire none on appeal. The action of unlawful detainer is purely possessory, and is to be tried in a summary manner; the chief purpose of the action is to give relief in as short a time as may be to one who is entitled to the possession of real estate and is wrongfully held out of the possession of the same. The question of title cannot ordinarily arise, and cannot be tried in such a proceeding, and in the absence of the relation of landlord and tenant, one who has never been in possession of the premises sought to be recovered cannot maintain the action, except as hereafter stated.

Under section 5504, Rev. Laws of 1910, a justice of the peace is given power to inquire, in the manner therein directed, against anyone who makes unlawful and forcible entry into lands or tenements, and detain the same, as well as against any one who, having a lawful and peaceable entry, unlawfully holds the same.

While section 5505, Id., gives the justice of the peace jurisdiction against tenants holding over their terms, in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the rendition of the judgment or the decree by virtue of which such sale was made; also in sales by executors, administrators, guardians, and on partition, and in cases where the defendant is a settler or occupier of lands and tenements without color of title and to which the complainant has the right of possession. This is upon the theory that, by reason of the sale, the purchaser is subrogated to all the rights be-

longing to the judgment debtor, the executor, administrator, or guardian, and the parties in the partition proceedings. In the instances last enumerated, it would be necessary for the purchaser to establish his right to possession, this being done by introducing in evidence the deed executed under sales approved by the proper court. This does not militate against the rule that in a proceeding of this nature the title can not be inquired into; and if the title does become involved, it is only as an incident, and can only be inquired into for the purpose of determining who has the right to possession. For example, where one is attempting to hold land without color of right, then the owner has the right to maintain the action and, in order to show his right to possession, he introduces his title and for no other purpose.

If it is true that Dinah Ishmael executed and delivered a deed in 1906 to Thurmond and Pack, she thereby vested in her grantees the entire legal interest in the premises, and if she afterwards remained in possession the presumption would be, nothing to the contrary appearing, that she held possession as tenant or trustee of the grantees. She would be regarded as holding the land in subserviency to the grantees, and nothing short of an explicit disclaimer of such a relation and a notorious assertion of right in herself would be sufficient to change the character of her possession. See Flesher v. Callahan et al., 32 Okla. 283, 122 Pac. 480; Wolverine Oil Co. v. Parks et al., 79 Okla. 318, 193 Pac. 624.

In the instant case, however, all the evidence tends to show that Dinah Ishmael was holding possession and claiming the land as her own from 1906, the date of the deed to Thurmond and Pack, to the date upon which the plaintiff filed his action in the instant case. Dinah exercised every act of ownership over the land, she remained in the possession of the same, she rented and collected the rents, appropriating the same to her use, and no demand was ever made upon her for these rents by any of the grantees.

The evidence further establishes that, long prior to the execution of the deed to the plaintiff, the defendant Clark had been holding the land as the tenant of Dinah. It is true that the witness J. O. Davis testified that he rented the land for 1916, as agent of Pike Baker, to Clark for the year of 1917. This, however, is denied by Clark. Admitting, however, that Clark did make or attempt to make a contract with Davis, as agent of Baker, this would not be tolerated by the law, for at that time Clark was in possession as the tenant of Dinah Ishmael. Even if Clark himself had purchased the land from Keith, and Dinah Ishmael had brought an action against him for unlawful detainer, he would be precluded from claiming any rights under the deed from Keith, without first surrendering the possession to Dinah. The plaintiff's case is in no manner strengthened by the evidence of B. F. Davis, to the effect that Clark promised to surrender possession on the 1st of January, 1918.

In Reynolds v. Brooks, 49 Okla. 188, 152 Pac. 411, the second paragraph of the syllabus is as follows:

"(2) The attornment of a tenant to a stranger is void, and does not affect the possession of the landlord, unless it be made with his consent, or pursuant to a judgment at law, or the order or decree of a court." To the same effect, see Montgomery v. Hill et al., 80 Okla. 230, 195 Pac. 897.

The evidence on the part of the defendants is that Clark had rented the premises for 1918 from August Bruner, who was acting at the time as agent for Dinah Ishmael. Nowhere is this contradicted. It therefore follows that, if plaintiff had been vested with all the rights of Dinah Ishmael, by virtue of the deed executed on November 7, 1917, he would not be in position to maintain action, as the same would have been premature, for the reason the defendants were holding the premises under rental contract for 1918.

In Gross v. Baker, 47 Okla. 361, 148 Pac. 734, the third paragraph of the syllabus is as follows:

"(3) In an action of forcible entry and detainer, where the relation of landlord and tenant does not exist between the parties to the action, and both plaintiff and defendant are claiming possession of the premises in controversy under leases and rental contracts with the owner, the justice court, in the first instance, and the county court upon appeal, is without jurisdiction to determine who in fact is the rightful owner of the leasehold estate in the premises."

In Link v. Schlegel, 33 Okla. 458, 126 Pac. 576, the syllabus is as follows:

"Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title."

We conclude that the judgment of the trial court should be reversed, and it is so ordered.

JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.