## RODDIE v. OIL WELL SUPPLY CO.

No. 17965.    Opinion Filed July 2, 1929.

Rehearing Denied Dec. 10, 1929.

Lydick, McPherren & Jordan, for plaintiff in error.

Pierce, McClelland & Kneeland, for defendant in error.

JEFFREY, C. This is an action by the Oil Well Supply Company, plaintiff, against R. M. Roddie, defendant, to recover on a verified, itemized statement of account. The account is for oil well and lease equipment sold and delivered defendant and used for drilling on an oil and gas lease in Palo Pinto county, Tex. Defendant denied owing the account, and specifically pleaded that in August, 1922, he sold and transferred all his right, title, and interest in and to the lease for the development of which the supplies were sold; and that said lease was sold to the Ligon Company, of Ft. Worth, Tex. Defendant further alleged that at the time he sold said lease the purchaser thereof agreed to assume the indebtedness against the same, including plaintiff's claim, and that plaintiff, through its agent, Mr. Flana-

216

gan, agreed to said transfer and to accept said Ligon Company as its debtor in the place and stead of defendant. On the trial of the cause a jury was waived and the cause was tried to the court, who rendered judgment in favor of plaintiff and against the defendant for the sum of $634.83, which included interest to the date of judgment. A motion for new trial was overruled, and defendant has appealed. The only question here presented is whether or not there is sufficient evidence to support the finding and judgment of the trial court. There is no dispute between respective counsel as to what constitutes a novation, but the only argument made by counsel for defendant relates to the sufficiency of the evidence. Neither is there any question as to the correctness of the items of the account for which the court rendered judgment.

Defendant testified that he sold the lease in question to the Ligon Company, and that a part of the consideration for the sale thereof was that the purchaser would assume and pay all indebtedness against the lease, not to exceed the sum of $3,500. He further testified that the indebtedness, including plaintiff's claim, at that time was a less amount than $3,500; that before he consummated the sale, he obtained consent of all creditors, including plaintiff, and that they agreed to accept the Ligon Company as their debtor and to release the defendant. However, Mr. Flanagan, who was credit manager for plaintiff company, and with whom defendant claims to have had his understanding with reference to his release from the obligation, specifically denied that he ever agreed to accept the Ligon Company as plaintiff's debtor in the place and stead of defendant, and specifically denied that he ever agreed to release defendant from liability. The best that can be said for defendant's contention is that there was a sharp conflict in the evidence as to whether defendant was ever released from the obligation sued upon. This being a law action, the question of who should prevail under this state of the evidence is not within the province of this court to decide. In such cases this court will not look further than to ascertain whether or not there is any competent evidence reasonably tending to support the verdict of the jury or judgment of the court. Beyond doubt the evidence is amply sufficient to support a finding in a law action that plaintiff never agreed to accept the Ligon Company as debtor in the place and stead of defendant or to release defendant from the obligation, and therefore amply sufficient to support the judgment ren-

dered. The judgment of the trial court is affirmed.

BENNETT, DIFFENDAFFER, HALL, and LEACH, Commissioners, concur.

By the Court: It is so ordered.