## TRUAX v. CAPITOL LIFE INS. CO.

### No. 22533.   Nov. 7, 1933.

Wilson, Wilson & Owens, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendant in error.

OSBORN, J.   This action was commenced in the district court of Oklahoma county by the Capitol Life Insurance Company, a corporation, against James B. Holmes and H. D. Truax.   A jury was waived and the cause tried by the court, who rendered a judgment in favor of plaintiff, from which the defendant Truax has appealed.   The parties will be referred to as they appeared in the trial court.

The defendant James B. Holmes was employed by the plaintiff on January 23, 1928, as an insurance soliciting agent, and on the following day a surety bond was executed to plaintiff by James B. Holmes, as principal, H. D. Truax and W. L. Marley, as sureties, in the sum of $2,500.   The condition of the bond was the faithful performance of the duties of an insurance agent on the part of said Holmes in paying and accounting for all funds coming into his hands as agent for the company.   W. L. Marley was not made a party to the action.

This is an action against Truax on the bond and against Holmes for a balance due on account, in which it is alleged that the said Holmes is indebted to plaintiff in the sum of $4,875.53, which represents funds received by him as agent for plaintiff which he did not account for.   The trial court rendered judgment in favor of plaintiff and against Holmes for the sum of $4,522.14, deducting the sum of $353.39 on account of certain premiums on policies which were issued but were never delivered.   The court entered judgment against H. D. Truax for $2,500, with interest, and $250 as attorney's fees.   Defendant Holmes did not appeal and the plaintiff has filed no cross-appeal; therefore, the only issues involved in this appeal relate to the liability of defendant H. D. Truax as a surety on the bond.

Defendant contends, first, that there was a misjoinder in the causes of action in that the action against Holmes was on a debt and against Truax on the bond.   There is no merit to this contention.   Under the provisions of section 199, C. O. S. 1931 (sec. 266, C. O. S. 1921), causes of action arising out of the same transaction or transactions connected with the same subject of action, affecting all of the parties to the action, may be united in the same petition.   State ex rel. Sheel v. Ingram, 164 Okla. 244, 23 P. (2d) 648.   See, also, Small Radio Co. v. Southwest General Electric Co., 141 Okla. 282, 285 P. 17; Meshek v. Cordes, 164 Okla. 40, 22 P. (2d) 921.

Defendant further contends that being a noncompensated surety, he is entitled to stand upon the strict letter of the contract, and that certain changes made in the contract by the parties thereto, without his knowledge or approval, exonerated him from any liability on the bond.   In this connection, the trial court found that there had been no change whatever in the contract and entered such positive finding to that effect in the journal entry of judgment.   In the case of Sipes v. Ardmore Book & News Co., 138 Okla. 180, 280 P. 805, it is said:

"In a law action, where the trial is to the court, a jury having been waived, the finding and judgment of the trial court will not be disturbed on appeal because of insufficiency of the evidence, if there is any evidence reasonably tending to support such finding and judgment."

See, also, Roddie v. Oil Well Supply Co., 140 Okla. 215, 282 P. 454; Tulsa Stove & Foundry Co. v. Karchmer, 144 Okla. 63, 289

P. 737. The record shows ample evidence to sustain the court's finding.

The defendant also assigns as error the granting of judgment for $250 attorney's fees in addition to the sum of $2,500, being the full amount of the penalty of the bond, and cites the case of Hill Mercantile Co. v. Rotan Grocery Co. (Tex. Civ. App.) 127 S. W. 1080. In answer to said argument, plaintiff cites the following provision in the bond:

"* * * are held and firmly bound unto the Capitol Life Insurance Company of Colorado, its successors and assigns * * * in the sum of $2,500 lawful money of the United States of America, together with 10% attorney's fees, if suit be instituted under this bond," etc.

—and in connection therewith the case of Shaw v. Southland Life Insurance Co. (Tex. Civ. App.) 185 S. W. 915, in which it is said:

"Where by their bond the sureties of a life insurance company's agent 'acknowledged themselves indebted * * * in the sum of $1,000', while there was a stipulation whereby the principal and sureties 'further obligated themselves to pay any and all attorney's fees, charges, etc.', rendered necessary by suit, such bond bound a surety to the extent of $1,000 and for reasonable attorney's fees, if suit was necessary to enforce collection; 'further', as used in the bond, meaning 'additional'."

The rule announced therein is applicable here, for the terms of the contract sued upon expressly provide for the collection of attorney's fees in case of suit in addition to the full amount of the bond.

There is no error in the judgment of the trial court, and the same is affirmed. Defendant, in prosecuting this appeal, executed a supersedeas bond and the plaintiff has requested this court to enter judgment upon the said supersedeas bond. Since there appears to be no good reason for the refusal of said request, judgment is accordingly rendered in favor of plaintiff on the said supersedeas bond against defendant and his sureties, A. Simon and Chas. B. Darr, journal entry to be prepared and submitted by plaintiff.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.