## WILSON v. DAVIS.

No. 27954.　March 22, 1938.

Rehearing Denied April 12, 1938.

Fred W. Martin, for plaintiff in error.

T. L. Blakemore, for defendant in error.

PER CURIAM. This is an action in forcible entry and detainer for the possession of lots 17 and 18 in block 1, Westport addition to Sapulpa, Okla. The proceeding was begun before Paul C. Davis, justice of the peace, and on affidavit for a change of venue was transferred to the justice of the peace court of E. H. Snider, where a judgment was rendered for the plaintiff on the 27th day of September, 1935, finding that the defendant was guilty under the terms of the statute with relation to forcible entry and detainer and ordering restitution of the premises. Defendant appealed to the district court, and on a trial de novo judgment was again rendered for the plaintiff, Leanna Davis, against the defendant, Alexander Wilson, finding the defendant guilty of forcibly and unlawfully entering and detaining the property in question and directing that possession be delivered to the plaintiff. Said judgment was rendered after a trial to the court, a jury having been waived by both parties. On the 17th day of December, 1936, motion for new trial was overruled, from which order and judgment Alexander Wilson appeals. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff and her husband, Robert Davis, had been residing on the premises involved in the dispute for approximately 17 years, and had occupied the same as their homestead. It is in evidence that the premises had been sold for taxes and some sort of action had been brought in a justice of the peace court to acquire possession from the husband of the plaintiff by Morris Schuman, but the plaintiff and her husband continued in possession of the premises until the death of the husband in 1935. A few weeks prior to the death of her husband, plaintiff had moved part of her belongings out of the house to a house occupied by other parties about a block away from the premises in question, but during the illness of the husband the plaintiff continued to visit him and wait upon him until he died of tuberculosis. She removed the remainder of the furniture out of the premises for the purpose of fumigating the place, and when she started to put the furniture back she found a lock on the door placed there by the said Schuman. Schuman subsequently placed the defendant in possession, and he was in possession of the premises with his family at the time of the trial in the district court.

At the time of the commencement of the action, defendant was not in possession with his family, but was repairing the roof and porch preparatory to residence when he was served with notice to quit. Morris Schuman testified that he bought the place, taking a quitclaim deed from one Harris, and acquired possession from Robert Davis in forcible entry and detainer and made a deal with Henry Davis to pay rent. This Henry Davis was a nephew of the husband of the plaintiff and had been residing with plaintiff and her husband prior to the time that Robert Davis died.

It is first contended that the trial court was without jurisdiction to try the action in forcible entry and detainer for the reason that it involved a question of title. We are of the opinion that when the transaction with Robert Davis and Henry Davis is considered, it will at the most show that Morris Schuman was asserting some interest in the premises, but that he never obtained possession of the premises, but left Robert and Henry Davis in possession of the premises, according' to his own testimony. The court was warranted in believing that Schuman never obtained any possession as against the plaintiff, for the testimony of the plaintiff is to the effect that she and her husband always resided on the premises, although the defendant presented the theory that she had quit the premises and abandoned the same. The court was justified in finding that the plaintiff at no time surrendered possession of the premises. Defendant insists that Morris Schuman acquired all of the rights to the premises for the reason that it had been sold for taxes to the said Harris and by Harris transferred to the said Morris Schuman, from whom the defendant rented.

Defendant asserts that the tax title has been held to be a virgin title and cites in his brief Swan v. Kuehner, 157 Okla. 37, 10 P.2d 707. Defendant appears to confuse title with possession. Neither Robert Davis nor Leanna Davis ever lost possession even if it be conceded that Morris Schuman brought an action in forcible entry and detainer and obtained a judgment against Robert Davis, for the reason that Schuman left them in possession, according to his own testimony, and agreed that Henry Davis might pay rent in order for Robert Davis to stay on the premises. In this connection defendant claims error in excluding much of the testimony with relation to the action in forcible entry and detainer by

Schuman against Robert Davis prior to his death, but since the record shows that Robert Davis remained in possession all of the time up until his death, we think that error in this respect was harmless. The right to maintain an action for unlawful detention for real property is not determined by plaintiff's right of possession, but by whether he has been in possession and such possession has been taken from him by force, or, having been obtained from him peaceably, is unlawfully withheld. Clark v. Keith, 86 Okla. 156, 207 P. 87. The action of unlawful detainer is purely possession and is to be tried in a summary manner. The chief purpose of the action is to give relief in as short time as may be to one who is entitled to the possession of real estate and is wrongfully held out of possession of the same. The question of title cannot ordinarily arise and cannot be tried in such a proceeding. Clark v. Keith, supra. If title does become involved, it is only as an incident and for the purpose of determining who has the right to possession. Clark v. Keith, supra. The court has no power in an action in forcible entry and detainer to determine the emoluments of title between two contenders to determine which has the right of possession, for this is the trying of title which the statute forbids. Link v. Schlegel, 33 Okla. 458, 126 P. 576. One who has acquired title to real estate has been provided ample legal remedies for the orderly determination of the right thereto. To allow a person forcibly to oust one in possession would be to authorize actions which would result in a breach of the peace not countenanced by courts or orderly government. We are of the opinion, and hold, that the evidence in this cause justifies the judgment rendered.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur.