[No. 28642.    Department One.    July 10, 1942.]

RUTH TARBOX GRAY, *Appellant,* v. ELLA TARBOX, *as Executrix, Respondent.*[1]

[1]Reported in 127 P. (2d) 669.

*Rummens & Griffin,* for appellant.

*Burkheimer & Burkheimer,* for respondent.

DRIVER, J.—Plaintiff instituted this action to recover on a creditor's claim after it had been rejected by the executrix of the decedent's estate. The claim was based upon two promissory notes, in the principal amounts of nine hundred dollars and one thousand dollars, respectively. A trial before the court resulted in a judgment in favor of the plaintiff on the smaller note, in the aggregate amount, inclusive of interest, of $1,670.50 and one hundred dollars attorneys' fees; but the court concluded that recovery on the larger note was barred by the statute of limitations.

Plaintiff has appealed. She asserts that the trial court erred (1) in dismissing her action as to the one thousand dollar note and (2) in not awarding her at least two hundred and fifty dollars as attorneys' fees on the nine hundred dollar note.

[1, 2] Appellant's first assignment of error presents this one question: Was the action on the larger note barred by the six-year statute of limitations, Rem. Rev. Stat., § 157 [P. C. § 8162]?

Horace Tarbox, the maker of the note, died November 6, 1939. No payment was ever made on either the principal or the interest. The note is dated November 26, 1928, and reads, in part:

"For value received, I promise to pay to RUTH TARBOX GRAY or order, One Thousand Dollars in Gold Coin of the United States of America, with interest thereon in like Gold Coin at the rate of 7 per cent. per annum from date until paid, *payable in monthly installments of not less than $20.00 in any one payment, together with the full amount of interest due on this note at time of payment of each installment.*

The first payment to be made on the first day of January, 1929, and a like payment on the first day of each month thereafter, until the whole sum, principal and interest, has been paid; . . ." (Italics ours.)

Determination of the question under consideration depends upon the construction of the quoted language of the note, particularly the words printed in italics. In what manner was the note payable and when, under its terms, would it fully mature? Specifically, was each monthly installment to consist of not less than twenty dollars and, *in addition thereto,* accrued interest at the specified rate, or was the payment to be twenty dollars, *inclusive* of such accrued interest?

Under the first of the suggested alternative constructions, which the trial court adopted, the note was payable in fifty monthly installments, the last of which fell due on February 1, 1933, more than six years prior to the death of the maker, November 6, 1939—hence, the six-year statute of limitations applied. Appellant contends, however, that the second alternative construction is the proper one: That the note was to be paid in installments of twenty dollars a month, *including* accrued interest; and that, therefore, as a matter of mathematical calculation, the last installment did not become due until December 1, 1933, less than six years before the death of the maker.

We think the trial court correctly construed the language of the instrument. The maker promised to pay one thousand dollars, with interest thereon, "payable in monthly installments of not less than $20.00 in any one payment, *together with* . . . interest due . . . at time of payment of each installment." (Italics ours.) The plain, ordinary import of the words employed is that, as each installment matured, the accrued interest would be payable in addition to the sum of twenty dollars. According to Webster's

New International Dictionary (2nd ed.), the expression "together with" means "In union with; along with." Funk & Wagnalls New Standard Dictionary defines the expression as "in combination with; added to," and the Oxford dictionary assigns to it, *inter alia,* the following definition: "in addition to, or with the addition of; . . ."

Neither appellant nor respondent has called our attention to any case precisely in point. *Truax v. Capitol Life Ins. Co.,* 166 Okla. 153, 26 P. (2d) 755, is factually somewhat similar. That was an action against the principal and one of the sureties on a bond which provided that the sureties were " 'held and firmly bound . . . in the sum of $2,500.00 . . . *together with* 10% attorneys fees, if suit be instituted . . .' " (Italics ours.) The court construed the words "together with" to mean "in addition to," and held that the surety could be held for two thousand five hundred dollars, plus the attorneys' fees.

It is interesting to note that, in the instant case, the judgment, which bears a notation indicating that it was approved as to form by appellant's attorneys, provides that "the plaintiff have and recover" judgment in the sum of "$1670.50, *together with* attorneys' fees upon said $900 note in the sum of $100.00; *together with* her costs and disbursements herein to be taxed; . . ." (Italics ours.) There, without question, the expression "together with" was the equivalent of "in addition to," and the judgment was intended to, and did, award appellant attorneys' fees and costs over and above the sum of $1,670.50.

[3] Passing now to appellant's second assignment of error: The nine hundred dollar note contained the usual provision that, "In event of suit to enforce payment of this note, a reasonable sum additional shall be allowed as attorney's fees in such suit and be made

part of the judgment." There is no statement of facts or bill of exceptions in the record, but it appears from the transcript that a demurrer to the complaint was interposed, argued, and overruled; that issues were joined as to whether or not a five-dollar payment had been made and endorsed on the nine hundred dollar note (appellant relied upon the payment to save her claim from the bar of the statute of limitations) and as to whether or not the note was given without consideration; that these issues were tried to the court; and that, after the court had orally announced its decision, respondent moved for a new trial, and the motion was argued, and denied. The court fixed the attorneys' fees, pursuant to a stipulation of the parties, without the submission of evidence as to what was a reasonable amount.

Considering the amount of appellant's recovery and the character and extent of the services which the record indicates her attorneys rendered, and bearing 'in mind that a contested trial was involved, we think that the allowance of one hundred dollars was palpably inadequate. There is merit in appellant's contention that she should have been awarded at least two hundred and fifty dollars.

The cause is remanded, with direction to increase the attorneys' fees allowed to appellant to. two hundred and fifty dollars, the judgment of the superior court being otherwise affirmed. Neither party will recover costs in this court.

ROBINSON, C. J., MAIN, MILLARD, and SIMPSON, JJ., concur.