STONE v. MERRELL et al.

No. 31470. Jan. 9, 1945.

*154 P. 2d 952.*

T. L. Blakemore, of Sapulpa, and Will A. Ratterree, of Okemah, for plaintiff in error.

J. Hugh Nolen and Clyde F. Ross, both of Okemah, for defendants in error.

ARNOLD J. There are no procedural questions presented here.

The facts in this case developed on trial in the district court are not in material controversy.

· The plaintiff in error was by inheritance the owner of the following described real estate:

East Half (E½) of the Northwest Quarter (NW¼) and the West Half (W½) of the Southwest Quarter (SW¼) of the Northeast Quarter (NE¼) of Section thirty-two (32), Township eleven (11) North, Range eleven (11) East in Okfuskee County, State of Oklahoma,

and had been in possession thereof for a number of years. One White was her tenant. She failed to pay the taxes and at resale the land was sold to the county and it in turn sold the property to defendants. Before the sale by the county it gave notice to plaintiff's tenant to pay the rent to the county. After the sale by the county to the defendants, the tenant was notified to pay the rent to defendants. The tenant of plaintiff paid the accruing rent to defendants upon being informed of defendants being holders of the deed from the county. Thereafter, at the expiration of his tenancy he vacated the premises, and defendants, after January 1, 1941, put another tenant in possession. Plaintiff had never given her tenant authority to give possession to anyone and never assented to, approved, or authorized the attornment of her tenant to defendants. Okfuskee county never had possession of the land. Plaintiff brought this action for forcible entry and detainer to dispossess the defendants and for rents. It is agreed that proper notice was given by plaintiff before the suit was begun. It was stipulated that the rental value of the premises was $70 per year.

The justice of the peace, and afterwards, on appeal, the district court, sustained the motion of defendants to dismiss the action because of lack of jurisdiction to try title in a forcible entry and detainer suit.

This proposition is conceded by all parties. The plaintiff, however, presents her appeal on the one contention that:

"One who intrudes himself into the possession of real property of which another has quiet and peaceable possession, is guilty of forcible entry and detainer, and may not, when sued in forcible entry and detainer, by the person so ousted, defeat the action by claiming title in himself."

Under this proposition she argues that under the foregoing conclusive facts the defendants forcibly or unlawfully took possession of her property and their defense was therefore necessarily founded upon their claim of title based upon their deed from the county.

While the defendants pleaded the statute of limitation, there is no argument based thereon directly and no authorities are cited touching on such issue. In their brief they admit that the action was brought within two years from the date the defendants got actual possession.

If one who takes possession of real estate under the foregoing circumstances has forcibly or unlawfully done so, under the law the plaintiff was entitled to judgment.

Plaintiff relies upon the case of Wilson v. Davis, 182 Okla. 435, 78 P. 2d 279. In that case the holder of the tax title, upon finding that the owner prior to the tax sale had removed her furniture from the house on the land wherein she had lived, put a lock on the door of the house and gate, and thereafter sold the property to plaintiff in error, in that case, who argued that there was no forcible entry under the circumstances. We held the entry in that case was unlawful and the entry in the case at bar was unlawful unless it can be said that the attornment by the tenant of plaintiff makes a difference.

The nature and scope of the forcible entry and detainer action under our statute is fully discussed by us in Wilson v. Davis, supra; Clark v. Keith, 86 Okla. 156, 207 P. 87; Link v. Schlegel, 33 Okla. 458, 126 P. 576; Casey v. Kitchens, 66 Okla. 169, 168 P. 812, and the cases cited therein.

Attornment to a stranger by a tenant of the owner, who is in possession through such tenant, is void as to such owner, and an entry by the stranger as a result of such attornment is unlawful and forms a basis for the statutory action. See Reynolds v. Brooks, 49 Okla. 188, 152 P. 411. Detention based on un-lawful entry is likewise unlawful until title is established in a court of competent jurisdiction.

The order sustaining the motion to dismiss the action was erroneous, and the judgment is accordingly reversed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, and DAVISON, JJ., concur.