VAN VALKENBERG et ux.
v. VENTERS.

No. 32711. May 4, 1948.

Rehearing Denied Sept. 14, 1948.

*197 P. 2d 284.*

Robt. R. Rittenhouse, of Oklahoma City, for plaintiffs in error.

Leverett Edwards, of Oklahoma City, for defendant in error.

LUTTRELL, J. This is an action in unlawful detainer brought by the plaintiff, Charles Venters, against the defendants, F. Van Valkenberg and Mrs. F. Van Valkenberg. Plaintiff recovered judgment in the justice court and defendants appealed to the district ·court of Oklahoma county, where a jury was waived and the case tried to the court. Judgment was rendered for plaintiff, and defendants appeal.

Defendants contend that the evidence adduced by plaintiff was not sufficient to establish ownership of the property by plaintiff, and also failed to establish that the relationship of landlord and tenant existed between plaintiff and defendants.

At the trial plaintiff testified that he was the owner of the property, a dwelling house in Oklahoma City; that he bought the property on May 26, 1945; that he purchased the property for a home to move his family into, having been evicted from the place he was then renting. He offered in evidence a permit from the Rent Director of the Office of Price Administration, giving plaintiff permission to bring an action to evict. the tenants in the property at the expiration of three months after September 4, 1945, the date of the filing of the application for a permit. In this permit plaintiff is shown as the purchaser of the property, and Tex Newsom as the vendor. The notice also refers to defendant F. Van Valkenberg as the tenant whom permission is given to evict.

Plaintiff also offered in evidence a 30-day notice to terminate tenancy, signed by him and properly served on defendants more than 30 days prior to the institution of the action. In this notice the property was described; plaintiff designated himself as landlord and defendants as tenants, and stated that defendants were month to month tenants. The notice concluded with the following statement:

"This notice in no way affects the payment of your rent for the period of November 17, 1945, to December 17, 1945 but is being served on you in order to terminate your tenancy as of December 17, 1945."

Defendants demurred to the evidence offered by plaintiff, and introduced no evidence in their behalf.

When the nature of the action is considered, we think the evidence offered by plaintiff was sufficient to establish prima facie the ownership of the property by him, and that defendants were in possession thereof as his tenants. In an action for forcible entry or unlawful detainer, title to the real estate is only an incident, the object being to show a sufficient right of possession to sustain the judgment therefor in the absence of proof to the contrary. In such case it is not essential for plain-

tiff to produce documentary evidence of title.

In 32 C.J.S. p. 725, section 794, the general rule is stated as follows:

"Where the title to real property is not in issue but is only collaterally involved, or where it is necessary for a party to make only a prima facie showing of ownership, the best evidence rule is not applicable, and the fact of title or prima facie right of ownership may be established by parol evidence."

To the same effect is 22 C. J. p. 993, section 1249. Numerous authorities supporting the rule stated are cited.

41 O.S. 1941 §1 provides as follows:

"Any person in the possession of real property, with the assent of the owner, is presumed to be a tenant at will, unless the contrary is shown, except as herein otherwise provided."

The giving of the notice to terminate tenancy showed a recognition by plaintiff of the occupancy of the premises by defendants as tenants, and that such occupancy was with his assent, whether or not the occupancy was with the assent of the owner could be determined from his acts and conduct, since it depended wholly upon his attitude or will. In the absence of any assertion by defendants of a right to occupy the premises other than as tenants, the trial court, under the above statute, was justified in concluding that they occupied as tenants at will.

In Truax v. Capitol Life Insurance Co., 166 Okla. 153, 26 P. 2d 755, we held that in a law action where a trial by jury was waived, the judgment of the trial court would not be disturbed on appeal because of the insufficiency of evidence, if there was any evidence reasonably tending to support the judgment. We hold that the evidence in the instant case is sufficient to sustain the judgment rendered.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, CORN, and ARNOLD, JJ., concur. GIBSON, J., dissents.

---

GIBSON, J. (dissenting). I am of the view that the judgment should be reversed because it is not sustained by any evidence.

Introduced in evidence were the proceedings before the justice of the peace and the testimony of the plaintiff. Such proceedings included the verified complaint, which averred generally an unlawful withholding of possession after peaceable entry; a thirty-day notice to terminate a tenancy, therein stated to be from month to month, with return of service thereon; notice to quit and return of service; and certificate of Rent Director in Office of Price Administration of U. S. A., authorizing the eviction if entitled thereto under state law. The testimony of the plaintiff was solely to the effect that he was owner of the property, that he had been evicted from other premises which he occupied as tenant, and purchased this property in order to provide a home for his family which included his wife and two children. There was no evidence of the fact of a tenancy or of the ownership or possession under which the entry of defendants was made. Nor does the testimony of the plaintiff reflect from whom the purchase of the premises was made. And it appears that reliance is placed upon the fact of ownership at the time of giving the notice to terminate the tenancy as sufficient.

Right of possession, alone, is not sufficient to state a case against one in possession with color of right, because the right to proceed against such in a detainer action must be predicated upon a prior possession. In Clark et al. v. Keith, 86 Okla. 156, 207 P. 87, we held:

"The right to maintain an action for the unlawful detention of real property is not determined by the plaintiff's right of possession, but by whether he has been in possession and such possession has been taken from him by force, or having been obtained from him peaceably, is unlawfully withheld."

See, also, Wilson v. Davis, 182 Okla. 435, 78 P. 2d 279.

It follows that a purchaser of the property who has not had prior possession has no right to maintain the action against a tenant in possession unless the latter entered as or has lawfully become his tenant. This would occur if the purchase was from the tenant's landlord.

The question at issue herein, regardless of the actual condition of the title to the premises, is whether the defendants unlawfully withhold possession from the plaintiff. Turnbaugh v. Husselton, 72 Okla. 247, 180 P. 368. That the title in one does not negative the fact of a lawful possession in another is reflected where the relation of landlord and tenant obtains. And the statutory notice to terminate the tenancy is effective to render the continued possession thereafter unlawful only in event of an existing tenancy to which the notice is applicable. Where there is a tenancy and one purchases the premises from the landlord under whom the tenant holds, the purchaser succeeds to the right of the landlord and thereby becomes entitled to proceed against the tenant. Showalter v. Ryles, 22 Okla. 329, 97 P. 569. Herein there is nothing concerning the tenancy other than the recitals in the thirty-day notice. The fact that such notice was introduced does not make such recitals evidence of the fact of the tenancy. On the contrary, the efficacy of the notice is dependent upon proof of the truth of such recitals.

There being proof neither of the tenancy nor that the plaintiff succeeded to the rights of the landlord if a tenancy existed, it cannot be said the judgment is supported by the evidence.

I therefore respectfully dissent.