## KING v. DUNCAN.

Opinion delivered October 3, 1896.

FORCIBLE ENTRY AND DETAINER—TITLE TO SUPPORT.—As a present right of possession is essential to a recovery in forcible entry and detainer, as well as in unlawful detainer, a landlord cannot, during the term of a lease, recover the leased premises in either action from one who, by permission of a sub-lessee in possession as such, has taken possession of a portion of the premises under an adverse claim of title.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*N. T. White*, for appellant.

An owner of lands not in possession, but who has leased the same for a term of years, and placed his tenant in possession, cannot maintain forcible entry and detainer against one who takes possession with the consent of his tenant in actual possession. 38 Ark. 587; 13 *id.* 448; 31 *id.* 296; 38 *id.* 257; 41 *id.* 450; 53 *id.* 94; 27 *id.* 46.

*D. H. Rosseau*, for appellee.

This suit is brought under clause 2, sec. 3444, Sand. & H. Dig., and is an action of unlawful detainer. 24 Ark. 578; 13 *id.* 448. See 55 Me. 33; 6 Cush. (Mass.), 87; 98 Mass. 309; 33 N. H. 633; 68 Iowa, 685; 38 Ark. 448. The legislature evidently intended by the amended act of February 5, 1891, to remedy some defect in the law as it stood, and to reach such cases as this.

BUNN, C. J. This is an action of unlawful detainer, as contended by plaintiff and appellee, and of forcible entry and detainer, as claimed by defendant and appellant, for the recovery of a tract of land containing about sixteen acres, and damages for the detention thereof.

The cause was heard and determined in the Jefferson circuit court, resulting in a judgment for the plaintiff, Florence V. Duncan, against defendant, J. W. King, from which he appeals.

Florence V. Duncan, *nee* Vassar, by inheritance from her father, J. F. Vassar, was the owner of her deceased father's farm, which included the land in controversy, the same being within the farm enclosure at the time of his death, and of which he had possession for many years previously, claiming to be the owner. In 1892 J. F. Vassar died, leaving his daughter, the said Florence V., his sole heir, his wife also being dead.

Soon after the death of J. F. Vassar, one B. F. Tuttle was appointed administrator of his estate, and held possession of the farm, including the land in controversy, until the close of administration, and then surrendered possession to appellee, sole heir as aforesaid, who about this time or soon afterwards was married to one Duncan, and afterwards, to-wit, in December, 1893, Tuttle leased the farm from appellee for the term of five years, and was put in possession by her. In the early part of the year 1894, Tuttle sub-rented the farm to one L. Coontz for that year, having previously, however, moved the fence boundary of a portion of the leased farm back, so as to leave the land in controversy outside the inclosure. Shortly after this, Duncan, husband of plaintiff, acting for her, replaced the fence on the line where it stood before Tuttle moved it. After that, by permission of Coontz, appellant, King, placed the fence back to the line on which Tuttle had built it, thus turning the disputed territory again into his farm and inclosure, he being the owner of the adjoining farm by inheritance; and, on appellee's further attempt to place the fence back on the original line, she was met by appellant, and forbidden to do so, and thereupon this suit was instituted, after demand made in writing.

The defendant claimed that the tract in controversy was part of his father's farm, now his own as aforesaid; and that, while his uncle, J. F. Vassar, had had possession of the tract up to the time of his death, it was only by permission of himself, the sole heir of his deceased father. He also alleged, by way of excuse for his delay in asserting his rights, that, after his parent's death, he lived with his uncle, and from that fact, and the further fact of his uncle's financial condition, he did not desire to disturb him.

We do not deem it necessary to attempt to settle the controversy as to the name to be given to this action; that is to say, to determine whether it be an action of unlawful detainer founded upon the second clause of section 3444 of Sand. & H. Digest, as contended by appellee's counsel, or whether it be an action of forcible entry and detainer, founded upon section 3443, as contended by appellant's counsel. In either case the plaintiff must needs show a present right of possession in herself. Neither is it necessary for us to consider and determine how far the amendatory act of February 5, 1891 (section 3443 of the Digest), has done away with the necessity of charging and proving force in every case of forcible entry and detainer.

The right of possession is still the essential question in all actions, under this possessory statute. We are first, then, to inquire as to the plaintiff's right of possession. She had leased the premises to Tuttle, and put him in immediate possession under the lease, and this lease had several years yet to run when the alleged entry was made by the defendant. At this time Coontz, as sub-renter from Tuttle, for that year, was in possession as such. Of course, he had no further right than Tuttle had when he rented to him for that year, and Tuttle had no other rights than those conferred upon him by the contract of lease from appellee; and

neither had any right or authority to do anything, outside his contract of lease or rental, that would conflict with the rights of landlord and owner. But, as we are not dealing with their particular rights as a first question, it is not necessary to inquire whether they, or either of them, were doing right or wrong as tenants. We must first determine the present possessory right of appellee—her right to sue—before any other questions may be considered.

As between appellee and her lessee, Tuttle, he was entitled to the possession under the terms of his lease, and would be for more than four years after suit was brought. Coontz simply held under Tuttle for that year, having no privity of contract with appellee, and was only bound to attorn to Tuttle, and could defend under him in so far, and could sub-let to another so far as anything to the contrary appears. The only thing to be kept in view in all this by either or both or all the parties was that neither of them could do anything to prejudice the rights of appellee as landlord and owner ; nor could they all combined do anything to prejudice her rights as such.

But appellee, under the state of case made, certainly had no present right of possession, for, according to her contract, that was in Tuttle, or in Coontz holding under him. All that appellee could ask was that the premises be restored to her at the termination of her lease to Tuttle, intact, as when leased to him. This suit was brought before that time had arrived. It was therefore brought prematurely, and consequently when there was no right in appellee to bring it.

The transaction between Coontz and appellant, however far it might have gone to terminate his tenancy under a different state of case, where there are limitations and restrictions in the lease or rental, were not

such in the present case. Tuttle is not complaining, and appellee alone cannot, but must submit.

There being no present right of action in appellee, in the absence of her right of possession, the judgment of the court below is reversed, and judgment without prejudice will be entered here.

BATTLE, J., absent.