### BILBY v. BROWN *et al.*

No. 2881.   Opinion Filed July 22, 1913.

Rehearing Denied December 20, 1913.

(137 Pac. 102.)

**FORCIBLE ENTRY AND DETAINER—Right of Action—Procurement of Possession.** Plaintiff was in possession of the land in controversy by his tenants. At the expiration of the term of his tenants, but before they had left the premises, the defendants, claiming to have rented the land from another claiming the land by title superior to plaintiff, moved upon the land without objection from plaintiff's tenants, and took entire possession as soon as plaintiff's tenants moved away, and refused to surrender possession on demand. **Held,** that plaintiff could maintain an action of forcible entry and detainer for the land.

(Syllabus by Rosser, C.)

*Error from County Court, Hughes County;*
*P. W. Gardner, Judge.*

Action by Nicholas V. Bilby against William Brown and another. Judgment for defendants, and plaintiff brings error. Reversed and rendered.

*Lawson & Samples,* for plaintiff in error.

*Warren & Miller,* for defendants in error.

Opinion by ROSSER, C.  The plaintiff, Nicholas V. Bilby, was in possession of the land described in the petition in this case, occupying it by his tenants, Robert and Rube Pollock. One Gilliland claimed the land under a deed from the heirs of Little Peter, a Creek Indian.  In the month of November, 1910, about the time the Pollocks had moved from the land, Gilliland had the defendants, Brown and Bean, move upon the land and take possession as his tenants.  The evidence shows that the two defendants moved their effects to the place before the Pollocks moved away, but the Pollocks made no objections to their entering and moved out immediately.  The plaintiff brought this action in forcible entry and detainer to recover the possession of the land.  There was a verdict and judgment for the defendants, and the plaintiff appeals.

The first and second grounds assigned as reasons for a new trial are the misconduct of counsel for the defendants in error in stating to the jury in their opening statement that the land belonged to John W. Gilliland, and that he had been adjudged to be the owner of said land at the March, 1911, term of the district court, and that the plaintiff had no right in the land, and in making the same statement in their argument after the evidence was in.  The record shows that these statements were made either in the opening statement of counsel or in the argument to the jury. It is true that the motion for new trial alleges the fact that they were made as ground for a new trial, but if they were made they were not preserved in any manner so as to bring them to this court.  Therefore, so far as this court is concerned, they were not made, and the question cannot be considered.

The next ground for reversal urged is that the verdict is not supported by the evidence.  As stated above, the evidence shows that the plaintiff was in possession by his tenants.  The defendants entered surreptitiously and without his consent.  There is a very strong indication in the testimony that they entered by collusion with his tenants; still there is no direct evidence to that effect.  Our statutes of forcible entry and unlawful detainer are very similar to the statutes of Nebraska upon the same subject.  See *Brennan v. Shanks,* 24 Okla. 563, 103 Pac. 705.  In

the case of *Brown v. Feagins,* 37 Neb. 256, 55 N. W. 1048, it was held that "a person who claims the paramount title to real property in the undisputed possession of another cannot, by surreptitiously obtaining possession thereof, place such former possessor at any disadvantage as to the assertion of his rights or the enforcement of his remedies in respect thereto." And it was held in that case that, where a person drove in through a gap in an inclosure around the premises and took possession, the person previously in possession could maintain action in forcible entry and detainer, though he was not actually on the premises when the defendant entered. A case very similar to the one now before the court is *Estabrook v. Hateroth,* 22 Neb. 281, 34 N. W. 634. In that case the defendant obtained possession immediately after plaintiff's tenant had vacated the premises. It was held that the plaintiff could recover. The case of *Childress v. Black,* 9 Yerg. (Tenn.) 317, is also somewhat similar to the case at bar. In *Oklahoma City v. Hill,* 4 Okla. 521, 46 Pac. 568, the sheriff went upon the premises occupied by the plaintiffs and arrested plaintiffs and took their furniture out of the building. The city was claiming the property, and, as soon as the sheriff had removed the plaintiffs from the premises, the policemen and city officers moved in. It was held that plaintiffs could recover possession in an action of forcible entry and detainer. Some of the language of the court indicates that it was considered that the city ratified the force which the sheriff used, but it is manifest that the city was in no way a party to the conduct of the sheriff. The true ground of the decision was that the city had taken possession under circumstances that amounted to fraud, just as if its officers had slipped in and taken possession while the partners were gone to the post office, and that it could not retain possession thus fraudulently and surreptitiously obtained. See, also, *Chisholm v. Weise,* 5 Okla. 217, 47 Pac. 1086; *Campbell v. Coonradt,* 22 Kan. 704; *Emsley v. Bennett,* 37 Iowa, 15.

In the present case it was the duty of the tenants to turn back the property to their landlord, the plaintiff in this action. The defendants, either by conniving with them or otherwise, prevented them from discharging this duty. They cannot retain

a possession obtained in this manner.   Such scrambles for the possession of real property are not to be encouraged by the law, as they tend to encourage breaches of the peace and cause people to resort to their own methods of obtaining their remedy instead of resorting to the law.

The judgment is reversed and here rendered in favor of the plaintiff.

By the Court:   It is so ordered.