## MONTGOMERY v. HILL et al.

No. 9928—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

**1. Forcible Entry and Detainer—Issues—Title.**

An action of forcible entry and detainer is purely a possessory action, and the question of title, or right to title, cannot be determined in such actions. If title is involved, it is only as an incident and can only be inquired into for the purpose of determining who has the right to possession.

**2. Same—Equity Jurisdiction.**

An action of unlawful entry and detainer, being purely a proceeding at law, does not and cannot involve the exercise of equitable jurisdiction. Questions other than the immediate rights of the parties to the possession cannot be litigated in such action.

**3. Same—Action by Purchaser—Rights of Lessees.**

S., being the owner of certain lands, rented the same to Morris Brothers for the year 1916 under contract whereby the tenancy was to terminate on the 31st of December of that year. In the month of July, 1916,

S., in writing, leased the premises to C. & M. On the 3d day of November of the same year, S., by warranty deed, conveyed the lands to H. & F., and on the 9th day of December, Morris Brothers gave C. &. M. authority to take possession, not as subtenants, but by virtue of the foregoing lease. Thereafter, Morris Brothers exercised no further control over the land. Prior to the 31st of December, H. & F. served notice on defendant, M., in possession under C. & M., to vacate, and upon refusal, the instant action was instituted on the 19th of December, 1916. Held, that the same was not prematurely brought. Held, further, that where S., by warranty deed, conveyed the lands to H. & F., the tenants of S. thereafter became the tenants of H. & F.

Error from District Court, Le Flore County; W. H. Brown, Judge.

Action by J. S. Hill and another against H. M. Montgomery in forcible entry and detainer. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. E. Fleming and T. T. Varner, for plaintiff in error.

R. P. White and L. V. Reid, for defendants in error.

PITCHFORD, J. This action was originally instituted in the justice of the peace court of Houston township, Le Flore county, Okla., on December 19, 1916, by J. S. Hill and C. E. Forrester against H. M. Montgomery, as defendant, for forcible entry and detainer.

Judgment was rendered in favor of plaintiffs in the justice court. An appeal was prosecuted by the defendant to the district court. A trial was had, and a directed verdict in favor of plaintiffs was returned by the jury, and judgment for possession of the premises and costs was rendered by the court thereon. From the judgment so rendered, this appeal is prosecuted.

For convenience, the parties will be referred to. as in the original action.

There is little conflict, if any, in the evidence as to any material facts necessary to a determination of this case. The land in controversy had been cultivated by different tenants for the year 1916 under separate contracts entered into between them and Martha and Chester Smith, who were owners of the land until the 3d day of November, 1916, on which date the premises were sold to Hill and Forrester, the plaintiffs in this action. One portion of the land was cultivated by one Fuller and the other by Morris Brothers.

The tenancy of Fuller and Morris Brothers did not expire until December 31, 1916.

In July, 1916, Caughorn and McDuffy leased from the Smiths, for 1917, the portion of the land cultivated by Morris Brothers. This lease was in writing, but unrecorded. On or about the 9th day of December, 1916, Montgomery, representing Caughorn and Mc-Duffy, moved on to that portion of the land cultivated by Morris Brothers and erected a tent in which to live. Caughorn and Mc-Duffy claimed that they had permission from the Morris Brothers to move on the premises and erect the tent.

The defendant further contends that this action was prematurely brought, in that the plaintiff would not be entitled to possession prior to the 1st day of January, 1917.

Therefore, the main question for decision is: Can a tenant in possession of premises under a rental contract for one year surrender his possession, as against his landlord, to a stranger claiming a possessory right against the landlord to commence in the future, and in the event he does so, and thereafter ceases to exercise control over the premises, must the landlord wait until the expiration of the term of such tenant before his right accrues to evict the party in possession?

Section 3793, Rev. Laws 1910, provides:

"No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written assent of the landlord or person holding under him."

In the case of Bilby v. Brown et al., 41 Okla. 98, 137 Pac. 102, the syllabus is as follows:

"Plaintiff was in possession of the land in controversy by his tenants. At the expiration of the term of his tenants, but before they had left the premises, the defendants, claiming to have rented the land from another claiming the land by title superior to plaintiff, moved upon the land without objection from plaintiff's tenants, and took entire possession as soon as plaintiff's tenants moved away, and refused to surrender possession on demand. Held, that plaintiff could maintain an action of forcible entry and detainer for the land."

We must bear in mind that Morris Brothers were the tenants of the Smiths. and when the premises were conveyed to the plaintiffs, then Morris Brothers became the tenants of plaintiffs. Gibbons v. Dillingham, 10 Ark. 9, 50 Am. Dec. 233; Sevy v. Stewart et al., 31 Okla. 589, 122 Pac. 544.

In Bilby v. Brown et al., supra, the rule is stated in the body of the opinion as follows:

"In the present case it was the duty of the tenants to turn back the property to their landlord, the plaintiff in this action. The defendants, either by conniving with them or otherwise, prevented them from discharging this duty. They cannot retain a possession obtained in this manner. Such scrambles for the possession of real property are not to be encouraged by the law, as they tend to encourage breaches of the peace and cause people to resort to their own methods of obtaining their remedy instead of resorting to the law."

Had Morris Brothers, under the foregoing rule, purchased the lease from Caughorn and McDuffy, they would have been precluded from claiming any righ's under it without first surrendering the possession to their landlord. It, therefore, follows that they could not, by their permission to McDuffy to go into possession, confer upon the latter any greater rights than they themselves possessed. Larney et al. v. Aldridge, 31 Okla. 447; Showalter v. Ryles, 22 Okla. 329; Standifer v. Morris et al., 25 Okla. 802, 108 Pac. 413.

Defendant contends that the court erred in excluding from the jury the testimony as to the notice of Hill and Forrester concerning the lease to Caughorn and McDuffy prior to the purchase of the land by the former.

In an action of this nature, the question of title is not involved. A tenant not being permitted to put the title of his landlord in issue in an action by the landlord against him for the recovery of the rent, he should not be permitted to allow Montgomery, representing Caughorn and McDuffy, to go into possession of the premises and thereby force his landlord to defend the outstanding title claimed by Caughorn and McDuffy. Nolen v. Royston, 36 Ark. 561.

If Caughorn and McDuffy had been in possession of the land in controversy, at the date of the execution of the lease from the Smiths to them, and had continued in possession after the sale to plaintiffs, there would be no question as to their rights, and in that event the plaintiffs could not successfully maintain this action.

It is not necessary, however, to pass upon the validity of the lease or as to what rights Caughorn and McDuffy would have under the same. This action, as we have seen, is one wherein the title is not involved; therefore, the defendant is not in position to complain because of the action of the court in refusing the evidence as to the notice the plaintiffs had of the execution of the lease.

The title to the property is not, and cannot be, tried and determined. The right of possession is the only right involved. It is purely possessory, and the only way in which the title can be considered is as an incident of the right of possession, and it can only be inquired into sufficiently to determine the right of possession, and for such purpose only. Brown v. Hartshorn, 12 Okla. 121, 69 Pac. 1049; Dysart et al. v. Theodore J. Enslow, 7 Okla. 386, 54 Pac. 550; Olds v. Conger, 1 Okla. 232, 32 Pac. 337; Vansellous v. Huene, 26 Okla. 243, 108 Pac. 1102; Deninger et ux. v. Gossom, 46 Okla. 596, 149 Pac. 220.

Morris Brothers were not in position to deny the title of the plaintiffs, and anyone to whom they let the premises was as fully estopped to dispute the title of the plaintiff as they were. Beck v. Minnesota & Western Grain Co., 131 Iowa, 62, 107 N. W. 1032. However, Montgomery does not claim to hold the premises as a subtenant under Morris Brothers; he claimed to hold as the hired man of Caughorn and McDuffy, and claiming a right of possession by virtue of the lease.

One Hudson had rented from the plaintiffs, for the year 1917, the entire tract purchased from the Smiths, which included the portions rented both to Fuller and to Morris Brothers, and had taken possession of that portion cultivated by Fuller and had done some work thereon.

It is the contention of the defendant that Morris Brothers were entitled to the possession of the premises cultivated by them up to and including the 31st of December, and, as plaintiffs were not entitled to possession as against Morris Brothers, they would not be entitled to possession as against the defendant, who had entered upon the land by their permission. There would be merit in this contention, provided defendant were holding as tenant of Morris Brothers, but he is not claiming to hold the land as their tenant. He is claiming to hold possession as the representative of Caughorn and McDuffy by virtue of the lease. The defendant has cited King v. Duncan, 62 Ark. 588, as directly sustaining his contention.

We have carefully examined the case cited, and are of the opinion that the same is against the contention of the defendant. In that case Mrs. Duncan had leased the property to Tuttle for the term of five years; Tuttle subrented to Coontz, having previously, however, moved the fence boundary of a portion of the leased farm back, so as to leave the land in controversy outside the inclosure. Shortly after this, appellee replaced the fence on the line where it stood before Tuttle moved it. After that, by permission

of Coontz, King placed the fence back to the line on which Tuttle had built it, thus turning the disputed territory again into his farm and inclosure, he being the owner of the adjoining farm. On appellee's further attempt to place the fence back on the original line, she was forbidden to do so by King, and thereupon the action was instituted. We quote from the body of the opinion as follows:

"As between appellee and her lessee, Tuttle, he was entitled to the possession under the terms of his lease, and would be for more than four years after suit was brought. Coontz simply held under Tuttle for that year, having no privity of contract with appellee, and was only bound to attorn to Tuttle, and could defend under him in so far, and could sublet to another so far as anything to the contrary appears. The only thing to be kept in view in all this by either or both or all the parties was that neither of them could do anything to prejudice the rights of appellee as landlord and owner; nor could they all combined do anything to prejudice her rights as such. But appellee, under the state of case-made, certainly had no present right of possession, for, according to her contract, that was in Tuttle, or in Coontz holding under him. All that appellee could ask was that the premises be restored to her at the termination of her lease to Tuttle, intact, as when leased to him. This suit was brought before that time had arrived. It was therefore brought prematurely, and consequently when there was no right in appellee to bring it."

The facts in the instant case are entirely different, and the permission given by Morris Brothers to erect the tent and the possession thereby gained were purely in the nature of a scrambling possession. Morris Brothers were not residing on the land; they resided at Hodgens. There was no building on the land suitable for occupancy. They knew of the controversy between Caughorn and McDuffy and the plaintiffs at the time this permission was given. The only permission, however, given McDuffy by Morris Brothers was that it was all right with them for him to move on to the premises and erect the tent. Morris Brothers could have remained in possession of the premises until the 1st of January, 1917, under their rental contract, had they so desired. But, evidently, they had no such intention after the permission was given to McDuffy to erect the tent. Under the proof in the case, we are justified in inferring they were never on the land after that time, and probably had not even seen the place more than one time. Their crops consisted of cotton and corn, and after their crop was gathered, not residing on the land, they considered their tenancy at an end, which is evidenced by the fact that

they stated to McDuffy that they had no objections to his taking possession of the premises.

In view of our conclusions, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.