## HALL v. HAINES et al.

No. 23457.  Nov. 5, 1935.

Rehearing Denied Nov. 26, 1935.

R. E. Bowling, for plaintiff in error.

Rice & Mitchell and Mac Q. Williamson, for defendants in error.

PER CURIAM. This is an action in forcible and unlawful entry and detainer. Suit was brought in a justice court in Garvin county by defendants in error as plaintiffs against the plaintiff in error as defendant, and the parties will be referred to as they appeared below.

The record shows plaintiff Haines, owner of the 140 acres of land the possession of which is in controversy herein, rented it to plaintiff Prince. Toward the end of 1930, she again rented to Prince and accepted his check for $135 for 1931 rental. The check to her was dated December 9th, and was "paid 12-27-30."

On January 1st defendant, Hall, armed with a shotgun, went on the land and drove Levy Nero, a negro tenant of defendant Prince, from his house on said rented land. He likewise drove Joe Franklin, another negro tenant of plaintiff Prince, from his house on 20 acres of the land in Carter county.

On January 20th, the required three days' notice before suit, signed only by plaintiff Haines, was served on defendant, Hall, in person. And on January 24th suit was filed with Prince joined as a plaintiff.

Defendant, Hall, in his written answer makes general denial, and alleges that about November 3, 1930, he made an oral agreement with plaintiff Haines to buy the land for $2,500 and moved on it January 1st; that he denies and disputes the title of plaintiff to the premises; that he made valuable improvements thereon; that he is desirous of going ahead with the trade he had with plaintiff; that he is ready and willing to pay the purchase price and tenders same in court. Whereupon, he prays judgment that plaintiff be decreed to convey said land to him.

After defendant appealed to the district court, he filed his formal plea to the jurisdiction of the court and moved that the cause be remanded to the justice court with directions. No action was taken in the case on that plea, or otherwise, until it was regularly tried. On trial below the parties appeared in person and by their attorneys, waived a jury, and the cause was tried to the court. At the conclusion of the testimony for plaintiff the defendant demurred to the evidence. His demurrer was overruled. The defendant reserved his exceptions, and stood on the demurrer, introduced no evidence, was found guilty as charged, and judgment for restitution of the premises was had and taken, exactly as in the trial before the justice of the peace. From judgment of the district court of Garvin county, defendant prosecutes his appeal.

The defendant has presented his case under two of his six assignments of error: First, on his plea to jurisdiction; and second, on his demurrer to the evidence.

Defendant contends that title of real estate is involved, and, therefore, the court was without jurisdiction. The record shows no facts to support his plea on that ground. On the contrary, the proof is conclusive that title of real estate is not involved:

"The mere contention or claim of defendant, or the introduction by him of evidence, to the effect that he is in possession of the premises under a parol agreement to purchase, where the evidence relative thereto is conflicting, is not sufficient to oust the court of jurisdiction to try the right of possession in a forcible entry and detainer action, and the existence of such agreement is a question of fact to be determined by the jury." Powers v. Myers, 25 Okla. 165, 105 P. 674.

Defendant further contends that his plea to jurisdiction is good on the ground that 20 acres of the land in controversy are in Carter county and does not adjoin the 120 acres in Garvin county. Our statutes provide that in cases like this, separate actions must be brought to recover possession on noncontiguous tracts of land lying in different counties. However, we find that the inclusion of the 20-acre tract in the other county in no way adversely affects the material rights of the defendant with respect to the 120 acres in Garvin county, wherein the justice court properly exercised jurisdiction. The plaintiffs have filed herein their confession of error on that point, and have moved the court to dismiss their action for possession of the 20 acres of land in Carter county. Their motion is granted and judgment

of the trial court is hereby modified accordingly.

Defendant further urges his plea to jurisdiction on the ground that plaintiff Prince did not join in the necessary three days' notice to quit. As to plaintiff Prince, defendant's point is well taken:

"A plaintiff cannot maintain an action of forcible entry and detainer if the three days' notice to leave the premises, prescribed by section 5089, Wilson's Rev. & Ann. St. 1903, of Oklahoma, is not given, and the plaintiff, to obtain judgment in such a case, must affirmatively show the service of the notice." Gardner v. Kime, 20 Okla. 784, 95 P. 242.

After plaintiff Prince is out, there remains the question whether plaintiff Haines can recover the 120 acres involved. We find from the record that plaintiff Haines had possession of the premises through her tenant, Prince. This court has repeatedly held that such possession, when taken wrongfully by another, under certain circumstances, will entitle the owner of the land, the landlord, on demand to recover possession. Bilby v. Brown et al., 41 Okla. 98, 137 P. 102; Montgomery v. Hill et al., 80 Okla. 230, 195 P. 897; Clark v. Keith, 86 Okla. 156, 207 P. 87.

The question of jurisdiction is a mixed question of law and facts. The trial court made a general finding of facts in the case, and, therefore, found every essential fact necessary to jurisdiction.

We see from the record how the negro tenants were terrorized and panic-stricken by Hall with his shotgun when he took possession. It is true Prince did not leave the community as the others appear to have done. But Prince was quiescent and mute, and did nothing independently in his own right to claim possession. Prince depended wholly on what Miss Haines might do.

Immediately after defendant, Hall, took possession of the land and moved in his white tenants, he started negotiations with Miss Haines. He went a long way and exerted great effort to buy the land or rent it for that year, although he knew that Prince had rented it and paid the rent in advance for '31. On January 5th, he got a conference with Miss Haines at her home near Akin, Okla., after he was required to go back to Sallisaw and get her attorney, Roy Frye, through whom only would she talk or confer. They reached no agreement except to meet on January 17th, in Norman. Mr. Hall failed to reach the meeting place that day until after Miss Haines had come

and waited and gone. They met in Oklahoma City on the 20th, with the result that no sale was made, and no other agreement reached. It was then and there the notice to quit was served. We find that defendant, Hall, on January 5th repeatedly said he would move off if Miss Haines insisted and would not sell or rent him the place. Witness Roy Frye, near the close of his deposition, testified:

"At the time Mr. Hall left Sallisaw, which was about 1:30 January 5, 1931, he advised me that he would not put Miss Haines to any trouble over the possession of the place and that he was only holding it for her protection."

Thus defendant, Hall, expressly admitted the undoubted right of Miss Haines to the possession of the land. By reason of his conduct and course of dealing, defendant, Hall, brought himself to be, at the time this action was started, an occupier of the premises without color of title and without right of possession.

In O. S. 1931, chapter 6, article 7, Forcible Entry and Detainer, it is provided, in section 919:

"Extent of Jurisdiction. Proceedings under this article may be had in all cases against tenants holding over their terms: * * * and in cases where defendant is a settler or occupier of lands and tenements without color of title, and to which complainant has the right of possession. This section is not to be construed as limiting the provisions of the first preceding section."

We find from the record that plaintiff Haines had the right to claim and recover the possession of the premises herein, and that at the time suit was filed she alone was the proper party plaintiff to the action.

On the question of defendant's demurrer to the evidence, we are controlled by the long-established rule in this jurisdiction (Truax v. Capitol Life Ins. Co., 166 Okla. 153, 26 P. (2d) 755):

"In a law action, where trial by a jury is waived, finding and judgment of the trial court will not be disturbed on appeal because of the insufficiency of the evidence, if there is any evidence reasonably tending to support such judgment and finding."

We find the evidence abundantly supports the finding and judgment of the court.

Finding no reversible error in the record, the judgment as modified herein is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. E. Castle, George W. Leopold, and Richard Martin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Castle and approved by Mr. Leopold and Mr. Martin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH. PHELPS, and CORN, JJ.. concur.