## DUNCAN LIFE & ACCIDENT ASS'N v. FOSTER.

No. 25516. Feb. 18, 1936.

Rehearing Denied March 17, 1936.

A. H. Ferguson and Sandlin & Winans, for plaintiff in error.

C. C. Hatchett, for defendant in error.

PER CURIAM. This is a suit on a contract of insurance. The parties will be referred to as they appeared in the trial court. The plaintiff in error was defendant and the defendant in error plaintiff in that court.

The plaintiff alleged the defendant, on the 30th day of August, 1930, executed and delivered to plaintiff a contract of insurance by the terms of which it obligated and bound itself to pay plaintiff the sum of $1,000 on the death of plaintiff's wife; that she died on the 13th day of September, 1931; that said policy was in full force and effect on the date of the death of said decedent; that all premiums on said contract had been fully paid by plaintiff, and that plaintiff had in all respects complied with the terms and provisions of said contract on his part to be performed.

The defendant denied it executed and delivered to plaintiff on the date alleged a contract of insurance wherein it obligated and bound itself to pay plaintiff the sum alleged on the death of said decedent; that the policy of insurance sued on was in force on the date of the death of said decedent; that all premiums had been paid by plaintiff to the defendant upon said policy.

and alleged it was not indebted to the plaintiff in any sum or sums whatsoever.

The plaintiff in his opening statement stated the amount sought to be recovered is $500. The trial resulted in a judgment for the plaintiff. Various grounds for the reversal of the judgment are assigned, but in our view of the case it is unnecessary to consider any thereof except the one challenging the verdict of the jury as being contrary to the court's instructions.

The court in its instructions submitted to the jury one question for its consideration and determination, that is, the question of whether or not the premium or dues on the contract had been paid at the time of the death of the decedent. There is a conflict between the evidence of the plaintiff and the defendant on this question. The plaintiff testified that all premiums that matured under said policy before the death of the decedent were paid. The evidence of the defendant shows default in the payment of premiums maturing some months prior to the death of the decedent. The plaintiff in some particulars is corroborated by the testimony of some of the witnesses for the defendant. The issue involved was as to whether or not the contract of insurance sued on was in force at the time of the death of the decedent. The plaintiff's evidence on payment of premiums was sufficient to require the submission of the question to the jury. The instructions fairly state the applicable law. The evidence supports the verdict rendered. The judgment of the trial court is affirmed.

The plaintiff asks judgment against Maryland Casualty Company of Baltimore, Md., the surety on the supersedeas bond furnished in this case. It appears plaintiff is entitled to such judgment; therefore, the trial court is directed to enter judgment in favor of plaintiff against Maryland Casualty Company of Baltimore, Md., on said bond for the amount of the judgment herein, together with interest thereon and for the costs of this action.

The Supreme Court acknowledges the aid of Attorneys Hayes McCoy, Charles W. Pennel, and J. Robert Ray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McCoy and approved by Mr. Pennel and Mr. Ray, the cause was assigned to a Justice of this court for examination and report to

the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.