## GIBSON v. JOHNSON, Adm'r.

No. 27069.   June 8, 1937.

Rehearing Denied June 29, 1937.

Gasper Edwards, for plaintiff in error.

Moss & Powell, for defendant in error.

CORN, J. This is an action for possession of real estate and was brought under the forcible entry and detainer statute. The case was originally filed in the justice court, where judgment was rendered for the plaintiff, and the defendant appealed to the court of common pleas of Oklahoma county, and the case was tried to the jury, resulting in

a verdict and judgment in favor of the plaintiff. The defendant then appealed the case to this court for review. The parties will be referred to herein in the order of their appearance in the trial court.

The defendant owned a small two-room house of the dimensions of 14 by 20 feet, and moved the same onto the rear of plaintiff's lots next to the alley; this was done with the consent of one H. C. Fitch, who was in possession of the premises at the time. He paid ground rent to Fitch, either in the sum of $2.25 per month, according to the testimony of the defendant and Fitch, or in the sum of $3 per month, according to the testimony of plaintiff and other witnesses who testified that both the defendant and Fitch had told them that the defendant had been paying $3 per month.

After the plaintiff had ejected Fitch from the premises by legal action, both the defendant and Fitch came to the plaintiff and asked her to give the defendant a lease on the ground, and plaintiff and defendant made an appointment to meet at the office of an attorney to have a written lease drafted. The lease was written with a provision for the payment of rent at $2 per month. The defendant insisted that $2.25 per month was all that he would pay and refused to sign a lease for more than that amount. He continued to occupy the premises, however, for a period of several months before the suit was filed, without paying any rent, and when sued for possession his defense was that he was holding under a ten-year lease from Fitch. The defendant failed to establish at the trial of the case in the court below that he had a written lease from Fitch or that Fitch had any right to execute such a lease.

The defendant contends that the notice to terminate tenancy was insufficient for the reason that the notice was for only five days when it should have been ten days, basing his contention upon section 10902, O. S. 1931, which is as follows:

"If a tenant, for a period of three months or longer, neglect or refuse to pay rent when due, ten days' notice in writing to quit shall determine the lease, unless such rent be paid before the expiration of said ten days."

We find nothing in the record to justify the assumption that the defendant was a tenant for a period of three months or longer, or that the relation of landlord and tenant existed at all between the parties, notwithstanding the fact that he had actually held possession of the premises longer than three months. The foregoing

section must be read in connection with section 10899, O. S. 1931, which is as follows:

"When rent is reserved, payable at intervals of three months or less, the tenant shall be deemed to hold from one period to another, equal to the intervals between the days of payment, unless there is an express contract to the contrary."

Had the defendant entered into the lease contract offered him by the plaintiff, the tenancy would have been from month to month, and only a five-day notice to terminate same would have been sufficient, but the defendant refused to enter into the lease contract offered by the plaintiff, and refused to pay rent on any basis, and claimed to hold possession under a contract with Fitch. Therefore, with his failure to prove he had a valid lease under Fitch, and his refusal to enter into a contract with the plaintiff, the relation of landlord and tenant never existed between plaintiff and defendant, and no notice at all was required to terminate the tenancy under section 10904, O. S. 1931, which provides:

"When the time for the termination of a tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant by sufferance, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary."

The defendant further contends that the notice to quit was insufficient, that the proof of service of the notice as required by statute was not made, and that the court did not have jurisdiction.

We find that the notice was served by an officer more than three full days before the action was filed. The only defect in the notice was that one of the initials of the defendant was incorrectly stated.

As to the sufficiency of the proof of service, the plaintiff, before introducing in evidence the notice with the officer's return of service thereon, identified the notice and testified that it bore her signature and that said notice was served on the defendant. The notice was dated and served on February 5, 1935, and the suit was filed February 9, 1935, having been served four days before the filing of the suit. The defendant testified on cross-examination that the plaintiff gave him notice to appear in justice court.

In the case of Hall v. Haines, 175 Okla. 81, 51 P. (2d) 570, this court held:

"A plaintiff cannot maintain an action of forcible entry and detainer if the three days' notice to leave the premises, prescribed by

statute, is not given, and the plaintiff, to obtain judgment in such case, must affirmatively show the service of the notice."

It is apparent upon the face of the record that the plaintiff made an affirmative showing of service of the notice as required by statute, 'and that the court had jurisdiction to try the case, and the foregoing contention is without merit.

The defendant also complains of the court's instruction No. 5, by which the defendant contends that the jury is practically instructed to render a verdict for the plaintiff. The instruction reads as follows:

"There is but one question for you, gentlemen of the jury, to decide in this case; that is, who is entitled to the possession of this property? If you find and believe from the preponderance of the evidence in this case that this plaintiff, Mrs. Monson, is the owner of this property, and that she has entered into no agreement with the defendant whereby he became her tenant, then you shall find for the plaintiff and grant her the possession of the property; but if you should find from the evidence that there was some agreement entered into between this man and one lawfully in possession of the property, then that would be binding upon the plaintiff, and the defendant would be entitled to retain what possession he might have had under a prior owner; and in that connection I charge you this, that a former owner of property, or claimed owner, must show some evidence of title, **the evidence would indicate here that there was no prior title in the man with whom the plaintiff claimed possession, he only had a claim of title."**

Apparently the court intended to withdraw from the consideration of the jury the question as to the right of Fitch to lease the ground to the defendant, and properly so, for the reason that the defendant himself testified that Fitch had orally agreed only to give him a ten-year lease if he got a deed to the property. The evidence is conclusive that Fitch had no right to lease the premises to the defendant.

As we view the record in this case, the court would have been justified in directing the verdict outright, as the defendant did not offer sufficient evidence to justify a verdict in his favor.

In the case of Stuart v. First National Bank of Cleveland, 174 Okla. 292, 50 P. (2d) 297, this court held:

"It is the duty of the court to direct a verdict for plaintiff when the evidence clearly establishes his right to recover, and defendant does not offer sufficient evidence to justify a verdict in his favor."

The judgment of the trial court is affirmed.

OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur.