## TOLLESON v. ANDERSON.

No. 30902. April 13, 1943.

*136 P. 2d 882.*

William A. Tidwell, of Idabel, for plaintiff in error.

Geo. T. Arnett, of Idabel, for defendant in error.

GIBSON, V. C. J. This is an action in forcible entry and detainer. Verdict and judgment on trial de novo in district court were against defendant, and he appeals.

In answer to plaintiff's allegation that defendant went upon the premises against his expressed will and remained there without his consent, defendant asserted that he entered and remained in possession by consent of plaintiff, and was a tenant at will; that the tenancy had not been terminated by the required statutory notice (41 O. S. 1941 § 4), leaving the court, so he says, without power to oust him.

The above issue of fact was sharply contested. The matter was left to the jury in clear and concise language, and the verdict was against defendant. His challenge of the evidence as being insufficient to show that he occupied the premises other than as a tenant at will cannot be sustained. Plaintiff's evidence was that on defendant's attempt to lease the premises plaintiff refused, and positively forbade defendant's entering.

There is positive evidence to the contrary. There was evidence that plaintiff's agent accepted rental payment from defendant. But there was also evidence that defendant knew at the time that he was occupying the premises without right, and the agent informed him that she was uncertain whether she had authority to accept payment. Plaintiff never received or accepted the rental. The question of the agent's power to receive payment was properly left to the jury. No exceptions to the instructions were saved, and no additional instructions requested.

The evidence shows and the verdict affirms that the relation of landlord and tenant did not exist between plaintiff and defendant. Therefore, no notice to terminate tenancy was necessary. 41 O. S. 1941 § 8.

Defendant also contends that the preliminary notice to vacate was insufficient (39 O. S. 1941 § 395) for the reason that the premises therein described were not the same as those occupied by defendant.

The complaint described lot 1, block 78, in the original townsite of Broken Bow; the notice to vacate contained the same description and pertained to the same premises. There was some dispute as to whether the house in controversy was located on said lot 1; and defendant says the court erred in not submitting that issue to the jury.

Assuming that the court on its own motion should have submitted any genuine issue as to the actual location of the house, and whether defendant was occupying the premises in controversy, there was no such issue here. Throughout the trial defendant admitted that he occupied the premises described in the complaint. The notice to vacate described those premises. We are unable to see beyond the apparent inconsistency.

The judgment is affirmed.

CORN, C. J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, BAYLESS, and WELCH, JJ., absent.