## WILSON v. WILLIAMS.

No. 32129.   April 16, 1946.

Rehearing Denied June 4, 1946.

*169 P. 2d 305.*

Lee Gill, of Oklahoma City, for plaintiff in error.

Fred L. Hoyt, Arthur H. Dolman, and Suits & Fellers, all of Oklahoma City, for defendant in error.

CORN, J. Presented for consideration herein is a judgment of the district court rendered on trial de novo, in an appeal by defendant from a judgment before a justice of the peace, in favor of plaintiff in a forcible entry and detainer action. Substantially the following facts are presented by the pleadings and the testimony:

For some years prior to January 13, 1944, defendant had rented certain premises located at 200 E. Second street in Oklahoma City, Okla., particularly described as:

"Lots 14 and 15, Block 16, in Military Addition, to Oklahoma City, Oklahoma."

The premises were rented on a month to month basis, the rent being due the 15th of each month, and had been operated by defendant as a rooming house for negroes.

In January, 1944, the owner sold this property to plaintiff, the contract of sale providing for possession by March 1, 1944. Plaintiff advised defendant he had purchased the property and desired possession. Defendant did not vacate and plaintiff, on March 13, 1944, caused 30-day notice to quit to be served upon defendant, advising him of termination of such tenancy as of April 15, 1944.

The notice served on defendant described the premises by lot and block, and as being in "Military Park Addition" rather than "Military Addition" to the city of Oklahoma City. However, the notice was served upon defendant at the correct address, further describing the property as "held by you as tenant."

Defendant did not respond to said notice and plaintiff caused a three-day notice to be served. Such notice was served on defendant on April 17, 1944. This notice likewise described the premises as "Military Park Addition." Defendant remained in possession and on April 22, 1944, plaintiff filed his veri-fied complaint in the justice court, and this complaint likewise described the property by lot and block as "Military Park Addition."

Trial de novo in the district court again resulted in a jury verdict for plaintiff.

The defendant contends that the complaint filed in the justice court was fatally defective because of: (1) failure to allege the three-day notice was served more than three days before commencement of the action, and plaintiff failed to attach a copy of such notice to the complaint; (2) failure to allege the notice of termination of the tenancy was properly served; (3) failure to show certain federal rent control regulations had been complied with, or that compliance therewith was unnecessary; (4) and that the summons was issued before the complaint was filed.

39 O.S. 1941 § 395 provides:

"It shall be the duty of the party desiring to commence an action under this article, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found; such notice may also be served by leaving a copy thereof with some person over twelve years of age, on the premises described in the notice. R. L. 1910 § 5507."

Defendant urges that because plaintiff did not allege in the complaint that the three-day notice was served more than three days prior to commencement of the action same was fatally defective. In this connection defendant insists the allegation in the complaint that the defendant had been notified "as required by law" was not sufficient.

Numerous very early decisions from this court are cited to sustain defendant's position, such as Oklahoma City v. Hill, 4 Okla. 521, 46 P. 568; Richardson et al. v. Penny, 6 Okla. 328, 50 P. 231; Rice v. West, 10 Okla. 1, 33 P.

706, and other cases. Consideration of such early cases, as well as our later decisions, reflects that the requirements of the statute are held to be jurisdictional. However, we have not held in our former decisions, the rule contended for by defendant, towit, that in forcible entry and detainer the plaintiff must allege in the complaint that the required notice was served more than three days prior to filing of the action. We have expressly held in Hobbs v. McGhee, 100 Okla. 210, 229 P. 240, that substantial compliance with the statute is sufficient and the statute does not require such allegation to be contained in the complaint, but the giving of the notice must be proved.

It is apparent from the record that there was an affirmative showing of service of notice as required by the statute. Gibson v. Johnson, Adm'r, 180 Okla. 417, 69 P. 2d 329; Sparks v. Calloway, 183 Okla. 332, 82 P. 2d 830; Stephenson v. Malone, 179 Okla. 35, 64 P. 2d 340.

Defendant contends the complaint was insufficient because of plaintiff's failure to allege compliance with federal rent control regulations, or that such compliance was unnecessary. During the course of the trial defendant attempted to inject this matter into the case, and error is not alleged by reason of the trial court's refusal to permit the introduction of a copy of the regulations.

The evidence showed the building in question contained 46 rooms, all of which were offered for rent except three or four defendant occupied as his personal quarters. Because defendant maintained his own quarters on the premises, it is contended this was his home, since he lived there most of the time while operating the rooming house. On this the defendant bases the argument that, although "some rooms" were rented to the public, nevertheless the defendant had rented this property so he could live there, this in spite of the fact the testimony of defendant himself was that he maintained another residence for himself and his family, and upon which he had claimed homestead exemption.

The regulations in question provide, and the trial court so found, that they do not apply to cases where possession is sought of an entire structure containing more than 25 rooms. The trial court determined from the evidence that the building contained more than 25 rooms, that such regulation did not apply, and declined to instruct the jury as to any theory of defense based upon these regulations.

Defendant contends there is reversible error herein because the summons was issued before the complaint was filed. This argument is based upon the fact that the case-made showed verification of the complaint on April 23, 1944, when same had been filed and summons issued on April 22, 1944. The testimony, explanatory of what appears to have been a reporter's typographical error, was brought out on a hearing upon defendant's motion to correct the case-made. It is sufficient to observe that, in view of the positive testimony of all who handled the complaint prior to its being filed in the justice court, there can be no doubt but that the complaint was verified when filed.

Particular complaint is made of the overruling of defendant's objection to the admission of any evidence, and of the denial of defendant's motion to strike. This is urged because of the description of the premises given in the notices and the complaint, the property having been described as "Military Park Addition" when in fact located in "Military Addition."

No showing is made that defendant was prejudiced because of this irregularity in the description. He understood plaintiff was seeking possession of the rooming house he then occupied and which was located at 200 E. Second street in Oklahoma City. Upon receipt of the notice defendant sought legal advice, but at no time asserted any prejudice resulting from the description contained in the notices, although admitting that he occupied these premises at all times concerned. Attention is directed to Oklahoma City v. Hill, supra,

Avants v. Bruner, 39 Okla. 730, 136 P. 593, and Tollison v. Anderson, 192 Okla. 333, 136 P. 2d 882, all to the effect that the law will not regard mistakes which do not mislead the party notified.

Other errors are urged by reason of the overruling of defendant's objections to the admission of evidence, and because of the admission of allegedly improper evidence. Such argument is based upon the description contained in the notices as heretofore noted, on the ground the property was not the property described in the complaint, and is directed at an attempt to make it appear that defendant was prejudiced thereby. The record is replete with evidence to the contrary. Moreover, at the trial defendant stipulated that none of the parties concerned had ever owned or occupied any property in Military addition to Oklahoma City.

The rule is settled that while the complaint and notice must contain a description of the premises, a description which advises the defendant it is the premises he is occupying is sufficient. When considered with the entire record, the description cannot be said to be insufficient particularly when the record shows that the description never caused any doubt to arise in defendant's mind as to what premises were sought to be recovered.

Defendant next contends the trial court erred in refusing to admit as an exhibit a letter received from the Rent Division of the Office of Price Administration, wherein an employee of the agency, in response to defendant's inquiry, had advised defendant the notice given was insufficient for numerous reasons. In this same connection defendant likewise urges that the trial court destroyed his defense as to plaintiff having abandoned the notice given, since defendant testified plaintiff told him he had received a copy of this letter and that defendant could disregard the notice given by plaintiff. It is at this point that defendant insists the refusal to admit this letter in evidence is part of the res gestae.

The trial court ruled correctly in excluding the offered evidence. This letter offered as an exhibit clearly falls within the hearsay rule which excludes statements prepared by distinterested parties and which are offered in evidence to prove or disprove matters in dispute between the litigants. Metropolitan Life Ins. Co. v. Bradbury, 179 Okla. 253, 65 P. 2d 433.

There is no merit in the argument that the trial court's refusal to admit this evidence destroyed defendant's theory of defense that plaintiff had abandoned his notices. Defendant testified plaintiff told him he had received a copy of the letter and that defendant could disregard the notice to terminate his tenancy. This the plaintiff emphatically denied. The trial court saw fit to instruct the jury on defendant's theory of abandonment. It was within the province of the jury to believe or disbelieve the defendant. Having, by the verdict, resolved this matter in favor of plaintiff and there being competent evidence to sustain the verdict, same will not be disturbed on appeal. Duncan Life & Accident Ass'n v. Foster, 176 Okla. 330, 55 P. 2d 434.

Judgment affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.