GAMBILL et al. v. ROHRER.

No. 32376. Jan. 21, 1947.

*176 P. 2d 1012.*

Jack Cecil Wheeler, of Oklahoma City, for plaintiffs in error.

Roger L. Stephens and Ted Foster, both of Oklahoma City, for defendant in error.

CORN, J. Involved herein is an appeal from a judgment of the district court of Oklahoma county, affirming a

judgment in plaintiff's favor in an action originally brought in the justice court for forcible detention of a building located at 107 E. Britton avenue in the town of Britton, Okla.

Plaintiff filed his complaint March 7, 1945, alleging defendants' lawful entry into the building, and that after notice to quit had been served (March 1 and 2, 1945) defendents unlawfully and forcible detained the premises.

Judgment was for plaintiff for restitution of the property and defendants gave a sufficient bond and appealed this judgment to the district court. The matter was tried to the court, and the issues were determined for plaintiff and judgment accordingly was entered in his favor, from which finding and judgment defendants have appealed.

The record presents the following facts upon which the trial court's judgment was based: One Brown originally owned the premises in question. Prior to November, 1944, the building was rented to Carson and Coyle, on a month to month basis, as a store building. In November, 1944, plaintiff entered into contract of sale with Brown, and the deed for premises was delivered to plaintiff in February, 1945.

In January, 1945, defendants secured Carson's oral agreement that they might rent a portion of the building for office space, if Brown would consent to such arrangement. Defendants telephoned Brown regarding the arrangement and proceeded to move in and erect partitions in the building to make same suitable for their purposes, although Carson explained to them that his tenancy was only on a monthly basis. Brown testified he advised defendant he was renting only to Carson and was about to sell the building and that any arrangement they made was with Carson only. Carson's tenancy was terminated March 1, 1945, and at that time he drew down his utility deposits and surrendered possession of the building as agreed, but defendant continued to occupy the premises, and paid no rent either to Brown or the plaintiff.

On March 1, 1945, plaintiff served defendant Gambill a notice before action for forcible entry, and the following day served a like notice upon Harwell. Defendants refused to vacate the premises, and on March 7, 1945, plaintiff commenced his action in the justice court.

When the matter was presented to the district court on appeal plaintiff was permitted to amend the complaint by alleging unlawful entry and detainer. The allegations of the complaint were sustained and judgment rendered for plaintiff for restitution of the premises and costs of the action, and the defendants have appealed from the judgment rendered.

In seeking reversal of this judgment it is defendants' theory that when a tenant transfers a part of his interest without the landlord's consent, the landlord cannot have restitution by an action for forcible detention without giving the 10-day notice to quit required by 41 O.S. 1941 §11. Further, since Carson sublet to defendants with Brown's knowledge, the statutory prohibition of 41 O.S. 1941 §10 against subletting without the landlord's written assent was avoided and the sublessees have the same remedy upon the original covenant against the principal landlord as they would have against their own lessor.

It is to be seen that defendants' entire argument is based upon the assumption that there existed a landlord and tenant relationship between defendants and Carson, or defendants and Brown, sufficient to bring them within the applicable statutes mentioned above.

However, in view of the record, defendants' assumption is entirely unjustified and is not sufficient to support their argument for reversal.

The record conclusively establishes that Brown denied renting this building to defendants, advised them it was rented to Carson only on a monthly basis and that he was about to sell the building; that they were not to pay him rent and that they should do nothing toward

partitioning and painting the building for their own purposes. And Brown sold the premises to plaintiff, whereupon Carson and Coyle agreed to and did terminate their tenancy on March 1, 1945. Carson and Coyle had advised defendants before they entered on the premises that their own tenancy was only on a monthly basis.

41 O.S. 1941 §8 provides:

"When the time for the termination of a tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant by sufferance, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary."

A tenant at sufferance has been defined as one who rightfully comes into possession of real estate for a certain period of time and continues in possession after the expiration of the rightful tenancy, without express or implied consent of the owner, *and no notice is required to terminate such tenancy.* See Hancock v. Maurer 103 Okla. 196, 229 P. 611; 35 C. J. §370; 32 Am. Jur. §75. See, also, Gibson v. Johnson, Adm'r, 180 Okla. 417, 69 P. 2d 329, and Tolleson v. Anderson, 192 Okla. 333, 136 P. 2d 882, wherein 41 O. S. 1941 §8 was considered as in the case now on appeal.

Defendants knew the nature of Carson's and Coyle's tenancy, and when that tenancy terminated then defendants' tenancy likewise terminated. In such instances, one who continues to hold possession holds only as a tenant at sufferance and notice is not required to terminate the tenancy. Hancock v. Maurer, supra.

Other argument is offered by defendants for reversal of the judgment, but in view of our holding herein it is unnecessary to consider same. The trial court's judgment is supported by the record and the same accordingly is affirmed.

HURST, C.J., and OSBORN, BAYLESS, WELCH, and GIBSON, JJ., concur.

